[No 2274.  Decided November 14, 1896.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM S. GLEASON, *Appellant.*

MUNICIPAL COURTS — JURISDICTION — ASSAULT AND BATTERY.

The constitutional provision requiring all offences theretofore prosecuted by indictment to be thereafter prosecuted by information or indictment does not require an information or indictment against one charged with assault and battery in a municipal court or that of a justice of the peace, since the offence was within the jurisdiction of a justice of the peace before the adoption of the constitution.

Appeal from Superior Court, Spokane County. — Hon. NORMAN BUCK, Judge.  Affirmed.

*L. H. Prather,* for appellant.

*J. W. Feighan,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by.

SCOTT, J.—The defendant was tried upon an ordi-

nary complaint, in substance such as is used before a justice of the peace, in the municipal court of the city of Spokane, and convicted of the crime of assault and battery, and was fined in the sum of $500. From this judgment he appealed to the superior court, and therein moved to quash all the proceedings. and for his discharge, because the court had no jurisdiction to try him without an information or indictment first having been found or presented against him. This motion was denied and he was again tried and convicted; from which judgment he has appealed.

It is contended that the constitution, art. 1, § 25, which provides that all offences theretofore prosecuted by indictment might thereafter be prosecuted by information or indictment, as might be prescribed by law, would require an information in this case as prior to the constitution all offences except those within the jurisdiction of a justice of the peace had to be prosecuted by indictment, and that the jurisdiction of the municipal court in this case to proceed without it was no greater than that of a justice of the peace, and that when the municipal judge concluded that a fine of $100 was not a sufficient punishment, it was his duty to bind the defendant over to the superior court unless the municipal court could proceed by indictment or information.

Conceding for the purposes of this case that the question was properly raised, we do not think the contention is well founded. At the time the constitution was adopted justices of the peace had concurrent jurisdiction with the district courts in prosecutions for assault and battery, and hence this offence was not necessarily an offence " theretofore prosecuted by indictment." A justice of the peace had jurisdiction to try a defendant for this offence before the adoption of

the constitution, and impose a fine up to the statutory limit. The nature of the offence was not changed by the constitution. The constitution authorized the creation of the municipal court and authorized the legislature to prescribe its jurisdiction and powers. The legislature, by merely increasing the limit within which a fine might be imposed did not change the nature of the offence, nor require it to be prosecuted by indictment or information in the municipal court, or in the superior court upon an appeal.

Affirmed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.