[Decided February 2, 1888.]

### RENWICK W. TAYLOR *v.* L. M. RINGER.

JURISDICTION, LOSS OF — SUNDAY — CERTIORARI, APPLICATION FOR. — When the application for a writ of certiorari shows that the cause was continued to a certain day, which day was Sunday, and afterwards the cause proceeded without new notice to or personal appearance of the defendant, it is error to dismiss the application for insufficiency, as the justice, by such continuance, lost jurisdiction over the person of the defendant, which could not be regained without a new notice or by waiver of such notice by voluntary appearance.

ERROR to the District Court holding terms at Tacoma. Second District.

All the necessary facts appear in the opinion of the court.

*Messrs. Taylor & Bronston,* and *Messrs. Wickersham & Murray,* for the Plaintiff in Error.

A judgment of a justice, under statutory authority, must show that the requirements of the statute have been complied with, and if it fails in this it is void. (Code, sec. 1724, subd. 6; *Beach* v. *Botsford,* 1 Doug. 199, 40 Am. Dec. 45; *Kimball* v. *Mack,* 10 Wend. 497.) A justice, adjourning a cause, without specifying the hour of the day or the place to which it is adjourned, loses jurisdiction over the parties, and a judgment subsequent rendered by him is void. *Crandall* v. *Bacon,* 20 Wis. 639, 91 Am. Dec, 451; Freeman

on Judgments, sec. 526.) Sunday is a non-judicial day. (Code, sec. 1267.)

*Messrs. Branson & Parker*, for the Defendant in Error.

Counsel argued that there could be no continuance of a case after return time of summons until issues are made up, and cited section 1769 of the Code, and that defendant ought to have answered before the justice continued the case.

Mr. Justice TURNER delivered the opinion of the court.

The appellant obtained a writ of certiorari to review an action decided against him in the justice's court of Charles N. Senter, in the city of Tacoma, on August 22, 1887.

The petition for the writ, made agreeably to section 1850 of the Code, was as follows:

"Renwick W. Taylor, being first duly sworn, on his oath deposes and says: That theretofore, to wit: as appears by the records of the said justice's court, on the 6th day of August, A.D. 1887, a complaint, in writing, was made in said justice's court by L. M. Ringer, against said Renwick W. Taylor; and that thereupon a notice was issued to M. Brottin, as constable, to be served upon said defendant; and the same was made returnable at ten o'clock A.M., August 16, 1887.

"That on and before the said 16th day of August, A.D. 1887, the said plaintiff, the defendant not appearing at the time, nor no one by him authorized thereto appearing in his behalf, there and then moved for a continuance; and the said cause was then and there continued wrongfully and contrary to law, from August —— until the 20th day of August A.D. 1887, at ten o'clock A.M.

"That on the 20th day of August, A.D. 1887, the said defendant appeared specially, in his own proper person, and moved the court for an order requiring plaintiff to furnish a cost bond; and the said court thereupon filed said motion, and continued the said cause indefinitely, and until the said plaintiff should furnish said bond.

"That said continuance was made to an hour not certain.

"That thereafter plaintiff filed a written document not in conformity with the law in such behalf required, as will appear by the inspection of said document. That there is no verification to said bond, and the same is void.

"That upon the said day the said court, neither the defendant, nor any one in his behalf, being present, wrongfully, arbitrarily, and illegally continued the said cause to the 21st day of August, A. D. 1887, at the hour of ten o'clock A. M. of said 21st day of August.

"That said continuance was void and contrary to law, *dies non judice.*

"That thereafter and on the following day, to wit: Monday, August 22, A.D. 1887, E. W. Taylor, the then attorney for the said defendant, at the hour of nine o'clock and forty-five minutes in the forenoon of said day, attended at the said justice's office for the purpose of protecting and attending to the interests of said defendant as might.be required.

"That said justice was not in his office at said time, and that the said E. W. Taylor, being necessarily engaged at the court house, went away, and in twenty minutes thereafter, to-wit: at exactly the hour of five minutes after the hour of ten o'clock A.M. of the said 22d day of August, A.D. 1887, the said E. W. Taylor, an attorney at law, appeared in said court, and asked to be allowed to appear and file pleadings in said cause, and the said justice wrongfully, illegally, and unjustly refused to file or receive said pleadings from defendant, or to permit him to answer in said cause.

"That at forty-five minutes past the hour of ten in the forenoon of said day, and before the hour of ten o'clock had expired, the defendant attended said justice's court, with his said attorney, and offered to appear and file his answer in said cause, and the said justice refused the same, as will appear by the records of the said justice; that said justice, at the hour of ten o'clock A.M. of said day, entered the default of the defendant, and that he immediately entered judgment thereupon; that the said justice of the peace had no jurisdiction of the defendant, and the said entry of judgment, and the default, and all proceedings thereunder are void.

"That neither the said note, nor the alleged account, nor any evidence of any nature or kind whatsoever, was introduced in evidence, and the said justice's judgment was illegally and wrongfully entered.

"That the said justice erred in not sustaining the motion of the defendant made on the 24th day of August, A.D. 1887.

" Affiant further says there is reasonable cause for granting a writ of certiorari for errors in such proceedings and for errors in such judgment, and that this application is made in good faith, and not for the purpose of delay, but that said errors of said justice may be corrected, and that the ends of justice may be served.

" Wherefore, petitioner prays for a writ of certiorari to issue to the said justice's court, requiring the said justice of the peace to certify up the said record, that whatever is right and just may be done in the premises."

The justice having made his return to the writ, and the cause being brought on for hearing, the attorneys for the plaintiff in the justice's court (Ringer) moved that " the petition (affidavit) and certiorari be dismissed, because the petition does not show error in the judgment or proceedings of the justice, but does show that all proceedings were regular, and that the petitioner has not been wronged."

This motion was granted, and in this we think the court below erred. By continuing the cause until August 21st, the same being Sunday, as shown by the petition, the justice lost jurisdiction of the person of the defendant, and could not again acquire it without bringing the defendant in again upon a new notice, or by his voluntary appearance without notice.

The judgment rendered by the justice on the following Monday morning was therefore absolutely void.

It is unnecessary to inquire at this time what effect ought to be given to the return of the justice, to the effect that his docket did disclose that the cause was continued until Sunday, August 21st, but that said entry was a mistake, and that, in fact, the case was continued until Monday, August 22d, at ten o'clock A.M.

The judgment below was not predicated upon the return of the justice, but upon the supposed insufficiency of the petition for the writ. If the motion to dismiss the writ had been overruled, as we think it ought to have been, and the case had progressed to a consideration of the justice's return, the effect of the latter might have been materially altered by a further return, to which the appellant would have had a right upon showing insufficiency or incompleteness in the first return.

We cannot tell what aspect the case might assume in that event, and hence cannot consider what was not considered below, and what could not be considered below, to sustain the judgment there.

We express no opinion as to whether the return of the justice before mentioned can be considered to cure the apparent loss of jurisdiction which his docket shows. We will first give the District Court an opportunity to pass upon that question.

The judgment below is reversed, and the cause sent back for further proceedings.

JONES, C. J., concurred.