GEORGE E. BEARDSLEY, Plaintiff, *v.* WILLIS G. POPE, Defendant.

(Essex County Court, January, 1895.)

Authority to appear for a party in Justice's Court does not authorize the attorney to enter into a stipulation extending the time within which the justice must render judgment.

MOTION to vacate a judgment of a Justice's Court, a transcript of which had been docketed in the office of the county clerk, and the execution issued thereon.

This action was instituted before a justice of the peace in Clinton county.    Summons was issued returnable the 26th day of May, 1894.    On the return day, personal service having

Essex County Court, January, 1895.          [Vol. 11.

been made on the defendant, the plaintiff appeared by H. E. Barnard, Esq., who swore to his authority to appear for the plaintiff, and the defendant appeared by A. W. Boynton, Esq., who swore to his authority to appear for the defendant. The cause was thereupon adjourned to the second day of June following, at which time both parties appeared in person and also by their respective attorneys, and the trial was proceeded with. At the close of the trial the cause was adjourned by consent to the second day of July following for argument. On the second day of July neither of the parties appeared in person, but the respective attorneys appeared, and the cause was argued and finally submitted to the justice. At the close of the argument the following stipulation was made :

"30 days additional time is hereby given the justice to decide this case in and to render judgment herein.

"PLATTSBURGH, N. Y., *July* 2, 1894.

"H. E. BARNARD, *Att. for Plff.*
"A. W. BOYNTON, *Att. for Deft.*"

On the fourth of August following the justice rendered judgment in favor of the plaintiff for twenty-five dollars and twelve cents, damages and costs. The defendant personally had no notice of the entry of this judgment until after his time to appeal therefrom had expired. A transcript of the judgment was filed and judgment docketed in the Clinton county clerk's office, and thereafter a transcript was filed and docketed in Essex county clerk's office. On the judgment thus docketed in Essex county execution was thereafter issued, and this motion is made for the purpose of vacating and setting aside the judgment docketed and the execution issued thereon.

*H. E. Barnard,* for plaintiff.

*A. W. Boynton,* for defendant.

McLAUGHLIN, J.   I think that the motion should be granted. A justice of the peace has such jurisdiction "as is specially

conferred upon him by statute and no other." Code Civ. Proc. § 2861. The time in which a justice must render judgment, after a cause is finally submitted to him, is limited by statute. The statute is mandatory. He " must render judgment and enter it in his docket book within four days after the cause has been finally submitted to him." Code Civ. Proc. § 3015. The statute requires two things, both of which must be done within the time prescribed, the rendering of judgment and the entry of the same in his docket book. The power of the justice being thus limited by statute, and he not having acted within the time prescribed, his subsequent act of rendering the judgment was without jurisdiction and the judgment itself is void, unless his jurisdiction was preserved by the stipulation. The stipulation was entered into, according to the sworn statement of the attorney for the defendant, " without the knowledge of or authority from the defendant." The defendant's affidavit states that he " never in any manner authorized or empowered any one to agree that said justice should have more time than the statute gives in which to render judgment." There is, therefore, not only no proof that the attorney of the defendant was authorized to enter into such a stipulation, but there are the sworn statements of both the defendent and his attorney that no such authority was conferred. Authority to appear for a party in Justice's Court does not carry with it authority to enter into a stipulation of the character of the one in question. Such a person is a mere agent. He has power to do that which his principal has authorized him to do and no more. If he exceeds the authority given him by his principal, the principal is not bound. Here the attorney was authorized to appear and take charge of the defendant's interests so far as the management and control and final submission of the cause was concerned. When the cause was argued and finally submitted to the justice, the power of the attorney to represent his principal was at an end. The authority thus given did not authorize the attorney to extend the time within which the justice must render judgment any more than it would have given him authority to

satisfy the judgment after it had been rendered, had it been in his client's favor. Stipulations of this character were condemned in *Flynn* v. *Hancock*, 46 Hun, 369.

If the foregoing conclusions are correct, then it necessarily follows that the judgment rendered by the justice was absolutely void, and, being void, can be assailed whenever and wherever it is sought to be enforced. *Ferguson* v. *Crawford*, 70 N. Y. 254.

Motion granted, with ten dollars costs.