[No. 10527.  Department One.  January 21, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Gentlo Fugita, Appellant,* v. R. B. MILROY, *as Police Judge of North Yakima, Respondent.*[1]

COURTS—CREATION—JURISDICTION—LARCENY.  Under Const., art. 4, § 1, vesting judicial power in certain courts, and such inferior courts as the legislature may provide, and art. 4, § 12, providing that the legislature shall prescribe the jurisdiction and powers of such inferior courts, the legislature had power by Rem. & Bal. Code, § 7656, to create police courts in cities of the second class, and by § 7657, to confer on them jurisdiction of petit larceny committed within the city.

CRIMINAL LAW—JURISDICTION—CHANGE OF PENALTY—LARCENY—STATUTES—CONSTRUCTION.  Rem. & Bal. Code, § 7657, expressly conferring on police courts jurisdiction of petit larceny committed in the city, and limiting the jurisdiction in the case of misdemeanors to those punishable by fine not exceeding $500, or by imprisonment not exceeding six months, does not oust the court of jurisdiction in the case of petit larceny upon a subsequent change of penalty.

STATUTES—TITLES AND SUBJECTS—SCOPE.  An act entitled an act for the "government of municipal corporations" is broad enough to include provisions creating a police court and conferring jurisdiction thereon of prosecutions for petit larceny committed within the city.

JURY—RIGHT TO JURY TRIAL—VENIRE—BODY OF COUNTY.  A venire to summon a jury in a police court "from the body of your city" violates Const., art. 1, § 22, guaranteeing the right of trial by an impartial jury of the county; and since Rem. & Bal. Code, §§ 679, 1762, and 7665, empowers police officers of a city to serve all processes from the police court in any part of the county, such a venire is not authorized by Id., § 69, conferring on a court all the means necessary to carry into effect jurisdiction conferred upon it.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered January 5, 1912, dismissing a writ of certiorari to review a judgment of a police court, after a hearing before the court.  Reversed.

*Floyd Hatfield* and *H. J. Snively,* for appellant.

*Guy O. Shumate,* for respondent.

[1]Reported in 129 Pac. 384.

GOSE, J.—This is an appeal from a judgment entered by the superior court of Yakima county, dismissing a writ of certiorari. The writ was sued out by the appellant, and directed to the police judge of the city of North Yakima, to review a judgment of the police court of that city. It was based upon the following facts: On the 21st day of December, 1911, a complaint was filed in the police court of the city of North Yakima, wherein the state was the plaintiff and the appellant the defendant, charging the appellant with having committed the crime of petit larceny on the 17th day of December, 1911, "within the corporate limits of the city of North Yakima." The appellant was arrested, appeared in court in person and by counsel, and demanded a jury of twelve persons to try the cause. The police judge thereafter issued a special venire, directed to the chief of police or any policeman of the city of North Yakima, commanding him to summon "sixteen good and lawful men" "from the body of your city," to be and appear in the police court of said city upon a day fixed, to act as trial jurors in the case. Upon the return of the venire, a jury was empaneled and the cause was tried, resulting in a verdict of guilty. A judgment was thereafter entered upon the verdict. The appellant made timely objection to the jurisdiction of the court. He also entered an objection to the jury empaneled, on the ground that there was no authority for such a jury or for the venire, that the jurors were not selected from the proper body of citizens or taxpayers, and that the officer who served the venire acted without legal authority.

The points specially pressed here are, (1) that the police court of the city of North Yakima was without jurisdiction of the person of the appellant or of the crime charged; and (2) that the jury was selected and empaneled without authority of law. The city of North Yakima, theretofore a city of the second class, had adopted a commission form of government under the provisions of Laws of 1911, page 521, at the time the crime was charged to have been committed.

A consideration of these questions requires a reference to the constitution and the statutes. The provisions of the constitution applicable to the first contention are as follows:

"The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide." Art. 4, § 1.

"The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts which may be established in pursuance of this constitution." Art. 4. § 12.

On March 27, 1890 (Laws of 1889-90, page 131), the legislature passed an act entitled:

"An Act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency."

This act, § 92 (Rem. & Bal. Code, § 7656), established a police court for cities of the second class; § 93 (Rem. & Bal. Code, § 7657), provides, among other things, that the police court of such city shall have jurisdiction of "petit larceny" "committed within such city," and certain other enumerated offenses, "and all misdemeanors punishable by fine not exceeding $500, or by imprisonment not exceeding six months, or by both such fine and imprisonment." This section provides further:

"(10). The police court shall have exclusive jurisdiction of all proceedings mentioned in this section, and no justice of the peace in such city shall have power to try and decide any cases of the classes mentioned in said section."

Section 94 (Rem. & Bal. Code, § 7658), provides that "The defendant shall be entitled, if demanded by him, to a jury trial." Section 95 (Rem. & Bal. Code, § 7660), provides for appeals to the superior court. Laws 1907, page 623, § 2 (Rem. & Bal. Code, § 7585), provides that the officers of cities of the second class shall include a police judge. Rem. & Bal. Code, § 7591, provides for the appointment of a police judge. The act providing for a commission form of government (Laws 1911, page 521), makes no express

provision for a police court or a police judge.  Section 4 of the act, however, provides:

"All existing laws governing cities of the second class or applicable thereto, not inconsistent with the provisions of this act, shall apply to and govern cities organized under this act."

The constitutional provisions quoted make it as plain as human language can express a thought that the legislature may provide for "inferior courts" and prescribe their "jurisdiction and powers."  In commenting upon these clauses in that instrument, this court said, in *In re Cloherty*, 2 Wash. 137, 27 Pac. 1064:

"But to the legislature of the state the constitution delegates authority to transfer from one of the constitutional courts to another certain limited portions of the judicial power; and it may also provide new, inferior courts, not specifically mentioned in the constitution, to which may be assigned such part of the inferior judicial power as it may deem wise to transfer.  The natural conclusion from this premise would be that a court for the administration of municipal ordinances must have been created by an act of the legislature."

The only limitation upon the power of the legislature is that the courts established by it shall be, in fact and in law, inferior courts.  It is equally plain that the legislature has established police courts in cities of the second class, made them inferior courts, and given them jurisdiction *eo nomine* of the crime of petit larceny when committed within the city. This was within its constitutional powers.  Dillon, Municipal Corporations (5th ed.), § 744.  Jurisdiction was given over a particular crime by name, and a subsequent change of penalty does not, as argued, oust the court of jurisdiction. *State v. Gleason*, 15 Wash. 509, 46 Pac. 1043.  The intention of the legislature is apparent.  The statute gives the police courts exclusive jurisdiction of certain crimes by name, whilst its jurisdiction of other offenses is limited to cases

where the fine does not exceed $500, or the term of imprisonment does not exceed six months.

The further contention is made that the title of the act is not broad enough to embrace offenses against the state. It provides for the "government of municipal corporations." It is argued that the act is limited by its title to the government of the city. Legitimately extended, the argument means that the body of the act is two-fold: (1) that it confers power to exercise municipal functions; and (2) that it confers power to execute the laws of the state for offenses committed within the corporate limits. If the argument is sound, and the title of the act had expressly provided for a police court empowered to execute such state laws, the title would have been subject to the vice that it contained more than one subject, and hence violative of § 19, art. 2, of the constitution. The title, we think, is sufficiently comprehensive. It can hardly be doubted that the execution of the laws of the state within the municipality pertains in the broadest sense to municipal government. City government in the highest sense means an enforcement of the law within its limits, for without law and order there can be no real government.

There remains for consideration the contention that the appellant was denied the right of trial "by an impartial jury of the county in which the offense is alleged to have been committed," as guaranteed by art. 1, § 22, of the constitution. As we have seen, the venire commanded the officer to summon the jury "from the body of your city." The act of 1889-90, p. 177, § 101 (Rem. & Bal. Code, § 7665), empowers the chief of police or any policeman of said city to serve, execute, and return all warrants of arrest and all processes directed to him by the police judge, "and to do and perform all acts and duties which in criminal cases any constable of the county may lawfully do." This would seem to authorize such officer to serve a venire in any part of the county wherein the crime

is alleged to have been committed, where a violation of a state statute is charged. Rem. & Bal. Code, §§ 679, 1762. This question, however, we do not decide. In *State v. Newcomb*, 58 Wash. 414, 109 Pac. 355, we held that the jury law of 1909 was valid. It provides that each county shall be divided into jury districts; that the name of each qualified juror shall be deposited in the jury box of the district wherein he resides; and that in calling a jury, the names shall be drawn in equal numbers from each jury box. We said, in answer to the charge that the act was unconstitutional: "The law in question does not attempt to provide for a jury from any division or district less than the whole county." In the case at bar, the venire was especially restricted to a definite part of the county. We think the plain intent of the words "jury of the county" is that the defendant is entitled to have the venire extended to the body of the county, and that it may not be restricted to a less unit; at least, without express legislative sanction. *State ex rel. Lytle v. Superior Court*, 54 Wash. 378, 103 Pac. 464. If it may be restricted to the municipality without the sanction of the legislature, at the caprice of the police judge, we can see no reason why he might not continue the restriction to a precinct or a ward. It would seem that the words "jury of the county" mean a jury of the whole county, and not a jury of some particular part of the county.

The respondent argues that the venire in question was warranted by the provisions of Rem. & Bal. Code, § 69, which provides, that, when jurisdiction is, by the constitution or the statute, conferred on a court or judicial officer, all the means to carry it into effect are included; and in the exercise of jurisdiction, if the procedure be not specifically provided, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the code. We do not think this section is susceptible of such construction.

We are of the opinion that the jury was illegally drawn,

and the judgment is reversed, with directions to enter a judgment sustaining the writ.

CROW, C. J., CHADWICK, PARKER, and MOUNT, JJ., concur.