[No. 18712.  Department One.  January 6, 1925.]

## EMMA ELSENSOHN et al., Appellants, v. GARFIELD COUNTY et al., Respondents.[1]

HIGHWAYS (26)—VACATION—PROCEEDINGS—JURISDICTION.  In proceedings to vacate a county road, the failure to post and publish the notices and take the bond, required by Rem. Comp. Stat., §§ 6503, 6505, are jurisdictional defects rendering an order of vacation void, which may be taken advantage of although the remedy by appeal provided by § 4076 was not followed.

INJUNCTION (29)—COUNTY BOARD—VOID ORDER VACATING ROAD— ADEQUACY OF REMEDY AT LAW.  Where an order vacating a county road is void for want of jurisdiction, it may be enjoined in an action in equity, notwithstanding a right of appeal by Rem. Comp. Stat., § 4076, to "any person," and notwithstanding a possible remedy by the extraordinary writ of certiorari.

Appeal from a judgment of the superior court for Garfield county, Miller, J., entered January 16, 1923, upon sustaining a demurrer to the complaint, dismissing an action to restrain the county commissioners from vacating a county road.  Reversed.

*R. M. Sturdevant,* for appellants.

*C. A. McCabe,* for respondents.

TOLMAN, J.—This is an appeal from a judgment of dismissal, entered after the sustaining of a demurrer to the complaint, and the question presented here is whether or not the appellants' complaint states a cause of action.  That complaint, after the formal allegations, alleges:

"3rd:—That on the 2nd day of April, 1923, a purported petition was filed with said board of commissioners, pretending to petition for the vacation and closing of a certain highway in said county described as follows:

[1]Reported in 231 Pac. 799.

"That part of the south Deadman road beginning at the foot of the Shelton grade in section five township 12, North Range 43, thence in a southeasterly direction through section 4, 9, 10 and 15 to the Will White road in Section 15, Township 12 North, Range 43 E. W. M., approximately 3½ miles in length, and a side road leading on to the Fanning residence, being about one half mile.

"4th:—That upon the 9th day of April, 1923, said board acting upon said purported petition, made an order vacating and closing said (road).

"That after making said order vacating said road, said board made and entered upon their minutes, fixing May 7th, 1923, as date of hearing objections to said petition, and directed the engineer to give notice as required by law.

"5th:—That the said engineer made his report to said board on the 7th day of May, 1923, and on the 8th day of May, 1923, said board made another pretended order vacating said road.

"6th:—That the acts of said board were wholly void, that the said board of county commissioners acquired no jurisdiction of the matter and were wholly unauthorized to make said order or any order vacating said road, in this:

"That said purported petition was not signed by ten freeholders residing in the vicinity of the road proposed to be vacated; that said petition wholly failed to describe the lands of petitioner; that no bond accompanied said petition as required by section 6510 of Remington's Compiled Statutes of Washington, 1922; that the notice of hearing on said purported petition directed to be posted was not posted for twenty days prior to the date of hearing, in a conspicuous place on said road, at each end thereof and at each mile of said road; that no notice was published giving notice of the hearing upon the engineer's report upon the feasibility of said road; that a copy of a purported order of said board was published in the East Washingtonian, to objectors to vacating a road, which road was not described with certainty; no time given for the hearing thereon, and that the said order was not

published for the required time prior to the said hearing, the first publication thereof being April 21st, 1923, being fifteen days prior to the proposed hearing.

"7th:—That said road was and is useful as a part of the general road system of said Garfield county, and that the closing of said road greatly damages and inconveniences plaintiffs herein, in this; That the said road leads to their farms, and should the order of said board remain effective, it will require said plaintiffs or some of them to travel some six or more miles farther in reaching their lands, than is required by the road proposed to be closed.

"8th:—That some two years ago a petition for the vacating of said road was presented to the board of county commissioners of said county, which petition was rejected, and that plaintiff is informed, believes, and therefore alleges, that no new petition was presented to said board, but the old and rejected petition was produced and acted upon, without petition or request therefor, and that the acts of said board were fraudulent, arbitrary and capricious.

"9th:—That plaintiffs have no other adequate or speedy remedy at law."

The record does not advise us as to what was the moving cause for the sustaining of the demurrer. It could hardly have been the view of the trial court that the allegations, if true, were insufficient to show that the county commissioners failed to comply with the statutory requirements sufficiently to give them jurisdiction and enable them to make a valid order of vacation. Rem. Comp. Stat., § 6503 [P. C. § 6061], provides for a petition signed by ten freeholders residing in the vicinity of the road, describing the lands owned by each subscriber; setting forth that the road sought to be vacated is useless as a part of the road system, and that the public will be benefited by its vacation, the petition to be accompanied by a bond in the penal sum of one hundred dollars, payable to the county, signed by one or more of the petitioners as principals, with

two or more sureties, conditioned for the full payment
of all costs and expenses.

Section 6504, Rem. Comp. Stat. [P. C. § 6062], pro-
vides that the commissioners, when in session, shall
consider the petition and bond, and, if not rejected,
then shall file them with the county surveyor, with
instructions to examine the road and make a report
in writing on the same. The surveyor is required to
include in his report his opinion as to whether the road
should be vacated, whether the same is in use or has
been in use, whether it will be advisable to preserve
the road as a part of the general road system in the
future, whether the public will be benefited by the
vacation, and ''all other facts, matters and things
which will be of importance to the board of county
commissioners.''

Section 6505, Rem. Comp. Stat. [P. C. § 6063], pro-
vides that the county board, when in session, shall fix
a day for hearing the report of the surveyor; shall
cause notice of said hearing to be published in the
county official newspaper, and posted in a conspicuous
place on the road, at least twenty days before the day
set for hearing, in the following manner: ''If the road
be one mile or less than one mile long there shall be
one notice posted near each end of said road; if said
road be more than one mile long there shall be one
notice posted near each end and one notice on each
mile of said road.''

And § 6506, Rem. Comp. Stat. [P. C. § 6064], pro-
vides that, on the day set for the hearing, the commis-
sioners shall consider the report of the surveyor, to-
gether with the petition and any objections which may
have been made, and if the road may be useful as a
part of the general road system it shall not be vacated;
''but if the public will be benefited by the vacation, then
the commissioners may vacate the road or any portion

thereof, and not otherwise; if the commissioners shall determine to vacate the road or any part thereof they shall, on payment of the costs by the principal petitioner, declare the road vacated, and make a record of the same."

If the allegations of the complaint be true, the proceedings were faulty in many respects, some at least of which were jurisdictional. It is unnecessary to call attention to more than the failure to post and publish notices as the statute requires, and the failure to take a bond as provided in the statute, at the time of entertaining the petition. These matters are jurisdictional, and without complying with the statute in that respect the board could obtain no jurisdiction to proceed with the matter. Hence, it seems apparent that the trial court's ruling was not in any sense a sustaining of the legality of the action taken by the board.

It seems to be argued that, admitting the irregularity of the proceedings, appellants' remedy is by appeal, or some proceeding at law which would avoid the necessity of calling into action the extraordinary powers of a court of equity. So far as appears from the record, appellants were not made parties to the original proceeding before the commissioners, may have had no knowledge or notice thereof, and while perhaps they might have appealed under the authority of Rem. Comp. Stat., §4076 [P. C. § 1679], still, the order of vacation being a void order, as we have seen, they were under no duty to appeal from such a void order or judgment. *State ex rel. Cation v. Superior Court,* 110 Wash. 506, 188 Pac. 546.

The case of *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192, upon which respondents seem to rely, does not touch this question, nor is it in point upon any feature of this case as we see it.

If not bound to appeal from a void order, how may appellants have that order reviewed and set aside? Respondents seem to urge that equity will not intervene if there is an adequate remedy at law, and as a general proposition that is true. The only legal remedy other than an appeal which might, or might not, have been available is by certiorari, or writ of review, which is an extraordinary writ and is not favored if there be any other adequate form of relief. As far back as the early case of *Taylor v. Ringer,* 3 Wash. Terr. 539, 19 Pac. 147, it was held that such a writ would issue to review a void order of an inferior tribunal, but neither there, nor in any other case based upon conditions such as are here shown, have we, so far as the writer is now advised, held that to be the sole and exclusive remedy. We have here a case of the entering of a void order or judgment, made in a proceeding to which the appellants were not record parties. The execution of that order or judgment will undoubtedly affect their property rights. If they had a remedy by appeal at all it is only because of the language of the statute, Rem. Comp. Stat., § 4076, *supra,* "any person may appeal," and the fact that their rights are violated by the order complained of. They may have had reason to suppose that the order would not be enforced, or, being void, that they could successfully resist it, or they might have learned of it only after the expiration of the statutory twenty days for appeal. In any event, the order being void, they might safely rest upon that fact until their rights were actually invaded under color of such order. What then? There are two extraordinary remedies, one at law by the extraordinary writ of certiorari, and one in equity by the extraordinary process of injunction. Shall we technically hold that one remedy, being a remedy at law, must be chosen and exhausted before the equitable may be

invoked? Such a course would be to turn a litigant out at one door and invite him to reenter at another, and we see no good reason to sanction such a practice.

The judgment appealed from is reversed, with directions to overrule the demurrer.

MAIN, C. J., BRIDGES, MACKINTOSH, and PEMBERTON, JJ., concur.