[No. 21543. Department Two. June 6, 1929.]

O. B. DANIELS *et al., Respondents,* v. GEORGE M. FOSSAS
*et al., Appellants.*[1]

*Ewing D. Colvin* and *Harry A. Rhodes,* for appellant
King county.

*Rummens & Griffin,* for appellants Carr *et al.*

*Charles H. Graves,* for respondents.

FRENCH, J.—The board of county commissioners of
King county vacated a small portion of a county road
on Mercer island. The portion of the road vacated
was known as that portion of Walla Walla avenue ex-
tending from Mercer island boulevard to the shore of
Lake Washington, being about three hundred feet in
length. The respondents, being property owners and
living in the immediate vicinity of the road vacated,
promptly, and by appropriate proceedings in the su-
perior court, questioned the validity of the order of
vacation. The lower court held the action of the board
of county commissioners invalid, for the reason that
the petition for vacation did not have the required
number of qualified signers. This appeal follows.

The statute, under which the vacation proceedings
were initiated, reads as follows:

[1]Reported in 278 Pac. 412.

"When a county road, or a part thereof, is considered useless, and ten freeholders residing in the vicinity of said road may petition the board of county commissioners to vacate the same, such petition shall show the land owned by each petitioner, and shall also set forth that such road will be useless as a part of the general system, that the public will be benefited by its vacation. Such petition shall be accompanied by a bond in the penal sum of one hundred dollars, payable to the county, executed by one or more of such petitioners as principal or principals, with two or more sureties, and conditioned that the petitioners will pay into the county treasury the amount of all costs and expenses incurred in the examination, report, and all other proceedings pertaining to such petition or vacation." Rem. Comp. Stat., § 6503.

The petition was signed by ten persons, among the ten being one man, who, according to the findings of the lower court, was the holder of an executory contract for the purchase of the property described in and set out opposite his signature. One of the other signers of the petition was a married woman who resided with her husband on the land, which land was community property, the husband refusing to sign the petition, but not objecting to his wife signing it. Both in oral argument and in the briefs, counsel seem to concede that the only question before the court is the sufficiency of the petition presented to the county commissioners to confer jurisdiction upon that body.

If the holder of an executory contract to purchase land is not a freeholder, or if a married woman, by virtue of her interest in community real estate, is not a freeholder, then the judgment must be affirmed.

The word "freeholder" has been variously defined by many different courts and text-writers.

"At common law, he who has the actual possession of land for life, or a greater estate, is a freeholder." *Clippinger v. Creps,* 2 Watts (Pa. St.) 45.

518

"In order to be a freeholder, a person must have a property right in and title to real estate, amounting to an estate of inheritance, or for life, or for an indeterminate period. What is required is title to the property, and not simply a contingent or expectant estate, nor a right of occupancy or a privilege with power to prevent alienation or incumbrance by the holder of the legal title." *Campbell v. Moran,* 71 Neb. 615, 99 N. W. 498.

"To be freeholders they must own an estate in fee or for life." *Porter v. Purdy,* 29 N. Y. 106, 86 Am. Dec. 283.

All the cases which we have examined unite in holding that one, to be a freeholder, must be the owner of either a legal or equitable title to real estate. The owner of a mortgage on land has a claim or lien which can be enforced against the land, and so also has the holder of an executory contract of sale, but the so-called claim or lien is not title.

"We have consistently held in numerous cases that an executory contract of sale in this state conveys no title or interest either legal or equitable to the vendee. . . ." *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29.

Many cases have been called to our attention holding that one who has an executory contract to purchase land is a freeholder, but these are all from jurisdictions which hold that one who has an executory contract to purchase land has an equitable title. One of the signers of the petition presented to the board of county commissioners having no title, either legal or equitable, to the land on which he resided, and described in the petition, the petition did not therefore bear the requisite number of signatures, and the petition being insufficient, no jurisdiction was thereby conferred upon the board of county commissioners.

The judgment of the lower court is affirmed.

MITCHELL, C. J., PARKER, and MILLARD, JJ., concur.

TOLMAN, J., concurs in the result.