[No. 22859. Department One. March 25, 1931.]

THE STATE OF WASHINGTON, *Appellant*, v. CARL DANHOF, *Respondent*.[1]

*Charles R. Denney* and *Phil G. Warnock,* for appellant.

HOLCOMB, J.—After having appealed from a conviction in a justice of the peace court, respondent was charged by information in the superior court for Snohomish county of the misdemeanor of fishing with a gill net at a forbidden place in Snohomish county.

[1]Reported in 297 Pac. 195.

The information, in substance, charged: That respondent did on December 19, 1929, in Snohomish county, Washington, wilfully and unlawfully take food fish, towit, dog salmon and silver salmon, with an appliance other than a hook and line, towit, with a gill net, from the Snohomish river at a point above Snohomish Wagon Bridge, towit, three miles southwest of the city of Monroe, that county and state; which alleged acts were done in violation of Rem. Comp. Stat., § 5672, operative and in effect as a rule of the state fisheries board by virtue of Rem. Comp. Stat., § 10869, at the time herein alleged.

Section 5672, *supra,* recited so far as pertinent, forbids fishing with any appliance except hook and line in the Snohomish river above the Snohomish Wagon Bridge.

At the trial of this case in the lower court, respondent relied on the defense of former jeopardy, and, to sustain that plea, introduced a complaint in another prosecution before a justice of the peace in the Everett precinct upon which a jury found respondent not guilty in that court. The complaint in that prosecution, summarized, charges that Carl Danhof did, on or about December 19, 1929, commit a misdemeanor by then and there willfully and unlawfully fishing for food fish, towit, dog salmon and silver salmon, with appliance other than a hook and line, towit, with a gill net, without having first obtained or made lawful application for a license so to do.

Upon the complaint in that prosecution and the verdict of not guilty being authenticated and proven in the trial court, the trial court ruled, as a matter of law, that the charge upon that complaint and the verdict of not guilty was a complete bar to the charge in the instant case, took the case from the jury and discharged respondent.

In ruling upon the plea of former jeopardy, the trial judge said that the matter had been fully adjudicated in another cause, wherein defendant had been once in jeopardy for the particular crime for which he is now charged.

It is manifest, from examining the two charges against respondent, that the one on which he was found not guilty in justice court was one for fishing anywhere with other appliance than hook and line, namely, with a gill net, without first having obtained a license so to do. That charge was manifestly based upon Rem. Comp. Stat., § 5693, which forbids taking food fish with any appliance or by any means other than hook and line, unless license so to do has been first obtained.

The last mentioned section of the statute applies to fishing for food fish without having first procured a license so to do, with any appliance other than hook and line, at any place within the state. Section 5672, *supra,* makes it unlawful to fish with anything except hook and line for food fish in the Snohomish river above the Snohomish Wagon Bridge. Thus, it is apparent there are two distinct offenses.

To render the plea of former jeopardy sufficient it must be shown that the two criminal charges are the same in fact and in law. 8 R. C. L. 118.

Since the two offenses were not the same in fact and in law, the trial court erred in sustaining the plea of former jeopardy.

The judgment is therefore reversed, and the cause remanded with instructions to reinstate the prosecution and proceed further by a new trial.

TOLMAN, C. J., MITCHELL, MAIN, and PARKER, JJ., concur.