[No. 23383. Department Two. March 24, 1932.]

G. W. BICKFORD, *Appellant*, v. G. C. ESCHBACH, *Respondent*.[1]

*Frank J. Allen,* for appellant.
*M. C. Delle* and *O. Sandvig,* for respondent.

[1]Reported in 9 P. (2d) 376.

TOLMAN, C. J.—The plaintiff instituted this action in equity to set aside what is claimed to be a void, or at least a voidable, judgment entered against him by a justice of the peace.

A demurrer to the complaint was interposed and sustained; the plaintiff elected to stand on his complaint and refused to plead further; judgment followed, dismissing the action with prejudice; and from that judgment the plaintiff has appealed.

The material allegations of the complaint necessary to be considered are substantially to the effect that an action was commenced before one David Rankin, Esq., a justice of the peace in and for Yakima precinct, in Yakima county, on September 26, 1930, by G. C. Eschbach against the appellant herein, as defendant, seeking the recovery of damages in the sum of thirty dollars for the trespass of seven head of cattle during the nighttime, and for three dollars and fifteen cents per day for their care and keep from the time they were taken up.

The cause came on for trial before the justice on October 18, 1930, at which time both parties presented their evidence and the cause was submitted to the justice. He (the justice), without continuing the cause to a day certain or at all, simply took the case under advisement. The justice did not announce his decision or render a judgment in the cause within three days from the time it was so submitted, and did nothing until October 24, 1930, when he wrote his opinion and thereafter mailed a copy to appellant's attorney, which was received by him on October 26, 1930. On October 30, 1930, the justice entered a formal written judgment as of that date, which recites that the cause was submitted on October 18, and by its terms excludes the idea that any other judgment was entered in the cause prior thereto.

In the briefs and argument it is suggested that the docket of the justice shows a judgment stamped thereon as of October 24, but the record before us indicates nothing of that kind. Even if this be the fact, it is immaterial, as a judgment of October 24 would be beyond the statutory period.

Other matters are pleaded to the effect that, on November 3, following, the justice undertook to, and did, alter and amend the written judgment and the order of sale issued thereon, without notice to the appellant, and in such manner as to mislead and deceive the appellant as to the date of the judgment, so that the appellant's attempt to appeal from the judgment of the justice to the superior court became abortive.

■■ The principal and perhaps the only question here is as to the right of the justice of the peace to enter any judgment in the cause at any time after the expiration of three days following the close of the trial. Our statute relating to the rendition and entry of judgments by justices of the peace is short, clear and concise in its terms, and those terms are expressed in imperative language. The statute reads:

"Upon the verdict of a jury, the justice shall immediately render judgment thereon. When the trial is by the justice, judgment shall be entered immediately after the close of the trial, if the defendant has been arrested and is still in custody; in other cases it shall be entered within three days after the close of the trial." Rem. Comp. Stat., § 1859.

Strange to say, this question seems never to have heretofore been presented to this court, though we think it has been the general idea of the bar that justice courts are courts of limited jurisdiction, having only the power to proceed within the limitations fixed by the statute, and that such practice is usually followed.

A similar question was presented to the territorial court in *Taylor v. Ringer*, 3 Wash. Terr. 539, 19 Pac. 147, and Mr. Justice Turner, writing the opinion, held to the strict rule that a justice of the peace, by continuing a case to a date which fell on Sunday, thereby lost jurisdiction of the person of the defendant. While we are perhaps not bound by the decisions of the territorial court, still its holdings are at least persuasive.

So far as the decisions in other jurisdictions are concerned, they seem to be all one way, except only in California and Oklahoma.

In Michigan, it is held:

"Under § 5380 of C. L., 1871, when a cause is tried before a justice of the peace without a jury, the justice is required to 'render judgment . . . within four days after the same shall have been submitted to him for his final decision,' and a judgment rendered on the fifth day after the trial is void, and is not the subject of a general appeal, even though the fourth day be Sunday. . . .

"This statute having been adopted from the statutes of New York, is held to have been so adopted with the construction put upon it by the courts of that State, which is in accordance with the rule above stated." *Harrison v. Sager*, 27 Mich. 475 (syllabus).

In *Sluga v. Walker*, 9 N. D. 108, 81 N. W. 282 (syllabus), it is held:

"A justice of the peace, who, after the trial of a case has been concluded, and the parties have rested, adjourns the case indefinitely, by such act of adjournment loses jurisdiction thereafter to render and enter judgment; and a judgment so entered is void, unless jurisdiction has in some manner been restored."

*McNamara v. Spees*, 25 Wis. 539 (syllabus), holds:

"Where, on receiving a verdict against defendant on Saturday night, the J. P. did not render judgment

*forthwith* (R. S., ch. 120, sec. 160), but adjourned court until Monday P. M., he lost jurisdiction.''

*Fox v. Meacham,* 6 Neb. 530 (syllabus), holds:

''In a case tried before a justice of the peace, without a jury, he judicially determines the whole case, and must make an entry of his judgment within the time fixed by the statute for that purpose; after the expiration of this time, his judicial functions in respect to the subject matter cease, and he has no authority thereafter to amend, change, or modify his judgment.''

*Beardsley v. Pope,* 32 N. Y. Supp. 926 (syllabus), holds:

''Under Code Civ. Proc. § 3015, providing that a justice of the peace 'must render judgment and enter it in his docket book within four days after the cause of action has been finally submitted to him,' a judgment rendered after such time is void, where the party against whom it was rendered did not consent to the extension of time.''

Cases to like effect might be multiplied, but those cited are sufficient to show the general rule. Especially important is the holding of the New York courts, as, since our statute seems to have been adopted from New York, we, like the Michigan court in the case cited from that state, are presumed to have taken the statute with the construction there placed upon it.

California has a statute which differs from ours, in that it provides that the justice shall render judgment at the close of the trial. That statute has been construed by the California courts as being directory merely. *Heinlen v. Phillips,* 88 Cal. 557, 26 Pac. 366; *American Type Founders Co. v. Justice's Court,* 133 Cal. 319, 65 Pac. 742, 978.

Oklahoma has a statute requiring a justice to render a judgment at the close of the trial or within four days

thereafter; and the supreme court of Oklahoma, in *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253, held that a judgment entered by a justice of the peace after the expiration of the time limited was erroneous, but not void.

As before stated, California and Oklahoma seem to be out of harmony with the great weight of authority.

The trial court appears to have been guided largely by the case of *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362, in reaching his decision. That case had to do with a judgment of the superior court rendered more than ninety days after the cause had been submitted, and there the question was raised as to the effect of the constitutional mandate which requires a judge of the superior court to render his decision within ninety days after the cause has been submitted. It was there held that the constitutional provision referred to had no effect on the judgment, and properly so, because the superior court is a court of general jurisdiction, and a judge of that court may render a judgment at any time except as the law may forbid him. Nothing in the constitutional provision requiring a decision within ninety days forbids a decision at any other time or lessens the jurisdiction of the judge of the superior court. Hence this court rightly refused to punish the litigant for the dereliction of the judge.

In the light of what seems to be the overwhelming weight of authority, and also what has generally been accepted as the law in this state, we believe it wise to leave for the legislature the duty of extending the jurisdiction of justices of the peace if, in its judgment, that is thought wise or necessary.

Feeling constrained to adopt and apply the general rule, we hold that the complaint pleads sufficient to indicate that the justice was without jurisdiction and that his judgment is void.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

HOLCOMB, BEALS, MAIN, and MILLARD, JJ., concur.