[No. 26279. Department Two. December 15, 1936.]

THE STATE OF WASHINGTON, *on the Relation of R. L. Dillon et al., Respondents,* v. DAVID RANKIN, *as Justice of the Peace, Appellant.*[1]

*Robert J. Willis* and *George W. Wilkins,* for appellant.

*Charles F. Bolin,* for respondents.

[1]Reported in 62 P. (2d) 1356.

MITCHELL, J.—By duly verified complaints filed in the office of David Rankin, justice of the peace for Yakima, Washington, on January 6, 1936, Dick Dillon and Frank Duvall were charged with violations of the state liquor law. Upon being arrested, they appeared in court and pled not guilty. Upon stipulations, trials were continued until January 24, 1936, at which time the defendants appeared in person and by their attorney, and demanded trial by jury. A jury for a joint trial was drawn by the parties from a list prepared by the justice of the peace, as provided by law, and a venire was issued, returnable that day. The docket of the justice of the peace for that day then shows:

"Jury summons served and return made thereon. Impossible to find all jurors and case *continued to future date to be set later.*"

This continuance was without the consent or stipulation, oral or otherwise, of the defendants or either of them.

Thereafter, February 11, 1936, counsel for the defendants received a letter from the prosecuting attorney, stating that he had had the trial set for March 2, 1936. On March 2, 1936, the defendants, having no new summons, arrest warrant or notice from the justice of the peace served upon them, appeared specially in the cause by their attorney, objecting to the jurisdiction of the court, for the reason that the cases had been erroneously continued from the date of their last appearance, without their request, stipulation or consent, and that the court had lost jurisdiction over them.

The objections were overruled, and the court proceeded to trial without the defendants or either of them taking any part therein. Judgment and sentence of imprisonment in the county jail were entered against each of the defendants. The defendants have since that time been out on bonds.

After the entry of the judgments in the justice court, the defendants had the same reviewed by certiorari proceedings in the superior court, wherein it was held that the judgments were void for lack of jurisdiction of the persons of the defendants, because the hearing before the justice of the peace was continued for an indefinite time without the agreement or stipulation of the defendants or their attorney. The state has appealed from the judgment of the superior court.

The decision of the superior court was according to the practice adopted long ago and followed in principle in our later cases.

In the early case of *Taylor v. Ringer,* 3 Wash. Ter. 539, 19 Pac. 147, it was held that, where, in a cause in a justice of the peace court, a continuance was ordered to a day certain, which day was Sunday, and afterwards the cause proceeded without new notice from the court to the defendant, the justice of the peace, by such continuance, lost jurisdiction over the person of the defendant, which could not be regained without a new notice or by waiver of such notice by the voluntary appearance of the defendant. It was said:

"By continuing the cause until August 21st, the same being Sunday, as shown by the petition, the justice lost jurisdiction of the person of the defendant, and could not again acquire it without bringing the defendant in again upon a new notice, or by his voluntary appearance without notice."

The plain and manifest theory of the holding in that case was that, because Sunday is a non-judicial day, a continuance to such day, naming the date, was the legal equivalent of a continuance to an indefinite date, causing loss of jurisdiction of the persons. The *Taylor* case was cited with approval and followed in *Bickford v. Eschbach,* 167 Wash. 357, 9 P. (2d) 376,

wherein was involved what was declared to be a similar question to the one presented in the case of *Taylor v. Ringer, supra.*

Appellant further claims that certiorari in the superior court was not the proper remedy. But the record here, as we understand it, fails to show that any such objection was raised in the superior court, wherein the state appeared generally and was heard with reference to the case; besides, certiorari was the remedy employed in *Taylor v. Ringer, supra;* and in the case of *State ex rel. Fugita v. Milroy,* 71 Wash. 592, 129 Pac. 384, the jurisdiction and powers of a justice of the peace or police judge were tested by certiorari proceedings commenced in the superior court; and in *Elsensohn v. Garfield County,* 132 Wash. 229, 231 Pac. 799, in discussing the question of reviewing a void order, upon first referring to the case of *Taylor v. Ringer, supra,* it was, by clear inference, held that certiorari was a permissible remedy.

Other nominal assignments of error have been noticed and considered, which, in our opinion, are without merit and need not be discussed on account of our views already herein expressed.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.