[No. 26571. Department Two. July 26, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Ralph E. Foley, Prosecuting Attorney for Spokane County, Respondent*, v. FRANK YUSE, *as Justice of the Peace, Appellant.*[1]

[1]Reported in 70 P. (2d) 797.

*John B. White,* for appellant.

*Ralph E. Foley* and *Carl P. Lang,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the justice court sustaining the plea of former jeopardy and dismissing the action then pending in that court.

October 2, 1936, Frank J. Brown was charged, by complaint in the justice court, with having committed the crime of driving a motor vehicle on the public highways of Spokane county while under the influence of intoxicating liquor. The trial of this case resulted in a finding of not guilty and dismissing the action. Thereafter, Brown was charged, by complaint in the same justice court, with the crime of driving an automobile, on October 2, 1936, in a reckless manner on the highways of Spokane county. To this latter charge, Brown pleaded not guilty and former jeopardy. The trial court sustained the plea of former jeopardy and dismissed the action.

To review this order of dismissal, the state took the matter to the superior court by writ of certiorari. When the matter came on for hearing in the superior court, it was agreed there that in the justice court, when the second charge came on for hearing, it was stipulated that the testimony introduced upon the first charge should be the testimony to be considered upon the second. Additional testimony was taken in the superior court bearing on the question of whether the justice court had decided the matter upon the merits or whether that court had simply sustained a plea

of former jeopardy without passing on the merits. The justice of the peace before whom both charges were made, when testifying in the superior court in response to questions asked by the court, stated:

"Q. There are two things, you see. Was he dismissed on the second charge by reason of the fact that he had formerly been placed in jeopardy? A. Yes, sir. Q. He wasn't dismissed because he had been driving recklessly? A. No. He was dismissed because of placed in jeopardy twice."

That testimony definitely disposes of the contention between the parties as to the reason why the justice court dismissed the second charge.

The first question to be determined is whether, when the second complaint was filed, Brown had previously been put in jeopardy by the trial upon the first charge and the dismissal thereof. Whether he had been put in jeopardy, depends upon whether the offense of driving an automobile upon the highways while intoxicated is the same as driving an automobile in a reckless manner. To sustain the plea of former jeopardy, the offenses must be identical in both law and fact, and the test is whether the evidence required to support a conviction upon one of them would be sufficient to warrant a conviction upon the other. If the evidence is not thus sufficient, there has been no former jeopardy. *State v. Elliott,* 69 Wash. 62, 124 Pac. 212; *State v. Peck,* 146 Wash. 101, 261 Pac. 779. The case of *State v. Dye,* 81 Wash. 388, 142 Pac. 873, and I Wharton's Criminal Law (12th ed.), p. 558, § 396, state the rule to the same effect.

Rem. Rev. Stat., § 6362-45 [P. C. § 196-45], which is one of the sections of what is known as the vehicle operation act, provides that it shall be unlawful for any person to drive a motor vehicle

" . . . in a reckless manner over and along the public highways of this state. For the purpose of this

4

section, to drive in a reckless manner shall be construed to mean the operation of a motor vehicle upon the public highways of this state in such a manner as to endanger or inconvenience unnecessarily other users of such highway."

Rem. Rev. Stat., § 6362-51 [P. C. § 196-51], provides that it shall be unlawful for any person

" . . . to operate a motor vehicle upon the highways of this state while under the influence of intoxicating liquor . . ."

In *State v. Birch*, 183 Wash. 670, 49 P. (2d) 921, it was held that driving an automobile in such manner "as to endanger or inconvenience unnecessarily other users of such highway," constitutes an offense, within the contemplation of Rem. Rev. Stat., § 6362-45. It was also held in that case that driving an automobile while under the influence of intoxicating liquor was "a substantive offense, regardless of attendant circumstances," within the contemplation of Rem. Rev. Stat., § 6362-51.

It thus appears that, by the holding of this court, it has been determined that the sections of the statute mentioned each define a separate and substantive offense.

To sustain the charge of driving an automobile while intoxicated, two things were necessary: (a) driving a motor vehicle upon the public highways; and (b) driving while under the influence of intoxicating liquor. To sustain the charge of reckless driving, two things were necessary: (a) driving a motor vehicle on the public highways; and (b) driving in such manner as to endanger or inconvenience unnecessarily other users of such highway.

It thus appears that the evidence which would be sufficient to sustain the charge of driving while under the influence of intoxicating liquor would not be suffi-

cient to sustain the charge of reckless driving, because reckless driving is not a necessary element of that offense. To sustain the charge of reckless driving, being under the influence of intoxicating liquor is not a necessary element. It follows that the evidence of one charge would not be sufficient in itself to support a conviction upon the other, and, this being true, the dismissal of the first complaint in the justice court did not operate as former jeopardy.

In principle, this case cannot be distinguished from that of *State v. Danhof*, 161 Wash. 441, 297 Pac. 195, where it was held that an acquittal for unlawfully fishing for food fish, with appliances other than hook and line, without having first obtained a license so to do, based on one section of the statute forbidding such fishing anywhere, did not constitute former jeopardy and bar a prosecution for unlawfully fishing in the Snohomish river above a certain point, with an appliance other than hook and line, under another section of the statute, since the two offenses were not the same.

There is the further contention that certiorari from the superior court was not an available remedy by which the dismissal of the second charge in the justice court could be reviewed. As it appears to us, the argument in support of this contention proceeds on the assumption that the two offenses under consideration were one and the same. But, as we have found in our opinion, they are separate and distinct. Driving an automobile while under the influence of intoxicating liquor and driving in a reckless manner being two separate offenses, and the trial court having dismissed the second charge solely on the ground of former jeopardy, and not upon the merits, certiorari was a permissible remedy to review the order. Rem. Rev. Stat., § 1002 [P. C. § 7418]; *State ex rel. Fugita*

*v. Milroy,* 71 Wash. 592, 129 Pac. 384; *State ex rel. Dillon v. Rankin,* 188 Wash. 588, 62 P. (2d) 1356.

The judgment of the superior court will be affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and ROBINSON, JJ., concur.