[No. 26778. Department One. February 21, 1938.]

F. W. OLSEN et al., *Respondents*, v. CHARLES H. JACOBS
et al., *Appellants.*[1]

*Evert Arnold, George B. Garber, B. Gray Warner,
Edwin C. Ewing,* and *Patrick M. Tammany,* for appellants.

*Harry Russell Myers,* for respondents.

SIMPSON, J.—Action was instituted in this case to
have set aside an order of the board of county commissioners of King county vacating a county road or street
north of the city limits of Seattle.

In their second amended complaint, parts of which
for the sake of brevity are summarized, plaintiffs allege as follows:

"(1) That plaintiffs herein all are and have been
during the times herein mentioned free-holders and
residents in the vicinity of the road purported to have
been vacated by the board of county commissioners of
King county, Washington, at 122nd street and Meridian
avenue, King county, Washington, all being owners and
occupying as their homes, properties abutting on what
was originally known as Haller circle, from which the
street or road purported to have been vacated as afore-

[1]Reported in 76 P. (2d) 607.

said, leads to the waters of Haller lake, the only approach to the waters of Haller lake being from what was known as Haller circle."

Paragraph 2 alleges that the defendants, other than the county commissioners, are owners of the property immediately adjacent to the road or street purported to have been vacated, and that a petition to vacate Meridian avenue was filed with defendant board on September 21, 1936.

Paragraph 6 alleges that the board of county commissioners made an order vacating the street in question.

The allegations of paragraph 7 are as follows: That the petition to vacate, on its face, disclosed that it had not been signed by ten freeholders in the vicinity of the road; that the bond was defective; that the notices were not properly posted, and that the road was useful as a part of the general road system of King county; that the closing of Meridian avenue would shut off ingress and egress to and from Haller lake to the public and the plaintiffs, who will be inconvenienced and deprived of free access to the lake, except by the street on the north immediately across the water from the street purported to have been closed and the one on the west side of the lake; and that the streets mentioned were dedicated to the public forever in the following declaration of dedication:

" . . . KNOW ALL MEN BY THESE PRESENTS, that I, THEODORE N. HALLER, a bachelor, the owner in fee simple of the above described tracts, do hereby declare this plat and hereby dedicate to the use of the public, forever, all the streets and avenues as platted hereon and I do hereby expressly dedicate to the use of the public, forever, all my rights, title and interest in and to that portion of the lake shown upon this plat (Called Haller lake) that is not included within the various lot lines shown upon this plat."

Then follow allegations to the effect that plaintiffs and their predecessors purchased the property where they now reside with a distinct understanding, as disclosed by the records of King county, that the street or road in question was dedicated to the public forever, and the closing of such streeet will materially affect the value of plaintiffs' property. Further, the complaint alleges that, after they purchased their property, they spent large sums of money to have streets in the vicinity paved, with the distinct understanding that the three approaches to the lake were open to the public and to themselves.

The last allegation is that the plaintiffs have no other adequate or speedy remedy at law.

In their prayer, plaintiffs ask for a decree to the effect that the order of the board of county commissioners relative to the street vacation be declared null and void.

Defendants interposed demurrers to the complaint upon all the grounds in Rem. Rev. Stat., § 259 [P. C. § 8346]. After a hearing, the demurrers were overruled, and, defendants electing to stand thereon, judgment was rendered against them setting aside as null and void the order of the board of county commissioners vacating the street. From such order and judgment, this appeal is taken.

Appellants assign as error the overruling of defendants' demurrers to the second amended complaint and in entering judgment in favor of respondents.

The following question is presented by appellants: Does the second amended complaint allege that the plaintiffs either are abutting owners to the property vacated or that the vacated property is the only passageway plaintiffs have from their property to a main public highway, thereby showing an injury different

in kind and not merely different in degree from the injury suffered by the general public?

For the purpose of deciding the question presented, we will assume, without deciding, that the acts of the county commissioners in vacating the road were null and void.

If respondents have not shown by their pleading that they are accorded by law the right to complain or object to the action of the board, then they cannot be allowed to prevail, no matter what action had been taken by the board of county commissioners. In other words, if respondents have not suffered damages for which the law allows relief, then they cannot maintain their action.

It will be noted from the allegations of the complaint that respondents are not owners of the property abutting on the street vacated. Their only allegation as to their residence is:

"That plaintiffs herein all are and have been during the times herein mentioned free-holders and residents in the vicinity of the road purported to have been vacated by the board of county commissioners. . . ."

"In the vicinity" may mean that respondents are resident within one or several blocks in any direction from the street sought to be vacated. Surely, such allegation cannot be construed to mean owners of abutting property. There is no claim that the vacation of the street will destroy the ingress or egress from the property owned by them. Their only allegation in this regard is that,

". . . if free ingress and egress to the lake is denied them by the closing of this street or road aforesaid, irreparable injury will result to their properties and they with the public will be inconvenienced and deprived of free access to the lake."

■ The general rule supported by this court is that only abutting property owners, or those whose reasonable means of access has been obstructed, can question the vacation by the proper authorities. To warrant such interference with proceedings relative to street or road vacations, it must appear that the complaining parties suffered a special damage different in kind and not merely in degree from that sustained by the general public.

In the case of *Ponischil v. Hoquiam Sash & Door Co.,* 41 Wash. 303, 83 Pac. 316, this court announced a rule that has been consistently followed in our later decisions. In that case, an action was commenced by an owner of a lot in a dedicated plat to enjoin the city of Hoquiam from closing a certain street dedicated to public use, and further to enjoin the abutting property owner from occupying or using the same. This court said:

"Did respondents sustain such special damages as would entitle them to restrain the closing of said street until said damages may be ascertained and paid?

"Their lot is on the corner of H and Sixth streets. They have ingress to and egress from the same, not only by the non-vacated portion of H street, but also by Sixth street. The evidence shows they have an outlet to the northwest portion of the city by going around block 36. They are not owners of property abutting on the vacated portion of H street, and even though a *cul de sac* has been formed, they are not within it, but at its entrance. There is some conflict of authority as to whether owners of lots not abutting upon that portion of a street actually vacated can recover damages. The current of authority seems to be against any such right of recovery, unless special damage is shown, as distinguished from that sustained by the public in general."

After citing authorities, the court stated:

"From the above authorities, and many others which might be cited, we conclude respondents are not en-

titled to recover damages for the vacation of said street, nor to enjoin such vacation, no collusion or fraud having been shown."

In *Mottman v. Olympia,* 45 Wash. 361, 88 Pac. 579, we upheld the lower court in sustaining a demurrer to the complaint of a property owner who sought to restrain the vacation of a legally dedicated public street. In that case, it was said:

" . . . for the only practical effect that it has on appellants' egress and ingress is the deflection one block either east or west of the travel coming from the residence portion between Washington street and Franklin street, the next street east and parallel with Washington street, and that is too slight a consideration, we think, to be controlling in a case of this kind. It will be remembered that the appellants' property does not abut on the street vacated."

This rule was again adhered to in *Brazell v. Seattle,* 55 Wash. 180, 104 Pac. 155; *Smith v. Centralia,* 55 Wash. 573, 104 Pac. 797; *Taft v. Washington Mutual Sav. Bank,* 127 Wash. 503, 221 Pac. 604; and *Fry v. O'Leary,* 141 Wash. 465, 252 Pac. 111, 49 A. L. R. 1249.

In the case of *Kemp v. Seattle,* 149 Wash. 197, 270 Pac. 431, action was instituted to restrain the city of Seattle from vacating a certain portion of John street. We said:

"The question is whether appellant's property abuts upon the east end of East John street, which coincides with the west boundary line of Boylston avenue north, which is a street twenty-six feet wide.

"A property owner whose property does not abut upon a portion of a street which it is proposed to vacate or which is obstructed has no right of action to restrain the vacation or prevent the obstruction unless the access to his property is interfered with and he suffers a special or peculiar damage differing in kind from that of the general public."

Our attention has been called to the case of *Daniels v. Fossas,* 152 Wash. 516, 278 Pac. 412, which gives some support to respondents' contention that they may question the action of the board of county commissioners. In that case it was said:

"The respondents, being property owners and living in the immediate vicinity of the road vacated, promptly, and by appropriate proceedings in the superior court, questioned the validity of the order of vacation."

However, it does not appear that the right of owners of property in the vicinity to maintain the action was ever questioned. The case was decided upon the one question of whether or not the holder of an executory contract to purchase land was a freeholder within the meaning of Rem. Rev. Stat., § 6503 [P. C. § 6061], which relates to the vacation of county roads.

Another case cited by respondents, concerning the rights of parties injured by road vacation to maintain an action to set aside such vacation, is that of *Elsensohn v. Garfield County,* 132 Wash. 229, 231 Pac. 799. In that case, we find that the plaintiffs were not the owners of property abutting on the road vacated, but were owners of property in the vicinity of the proposed road vacation and their property was in such a location that a vacation of the road would

" ' . . . require said plaintiffs or some of them to travel some six or more miles farther in reaching their lands, than is required by the road proposed to be closed'."

While the right of the owner of property in that action to question the action of the board of county commissioners was not discussed, it is plain that their injury was different in kind than that suffered by the general public.

Respondents allege their inability to reach the lake in the event of the vacation of the street, but the ques-

tions of ingress or egress can relate only to the property owned by them and not to some other property or place of business or amusement.

The complaint does not allege any fact from which it can be concluded that they own any part of Haller lake. On the contrary, the complaint affirmatively shows that the roads and the lake were dedicated to the public. Therefore, the respondents did not have a special interest either in the lake or road. Their interest in each is the same as that of the public, and whatever loss they suffer in being deprived of access to the lake is the same kind of loss suffered by the public, differing only in degree.

In the case of *Taft v. Washington Mutual Sav. Bank, supra,* we said:

"We conclude that the correct rule is that only those directly abutting on the portion of the street or alley vacated, or alleged to be obstructed, or those whose rights of access are substantially affected, have such a special interest as to enable them to maintain an action."

In accordance with the rule that we have adopted in our many decisions, we are of the opinion that the respondents in this case did not have such a special interest as would enable them to maintain this action.

The judgment will be reversed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.