## STEVE MESSER, ALIAS MOORE, V. THE STATE.

### No. 1175.    Decided May 12th, 1897.

**1.  Offer to Bribe an Officer—Allegation and Proof.**

Under an indictment brought upon the provisions of Penal Code, Art. 138, for offering to bribe, "a deputy constable," "a peace officer and guard of defendant." Held: The evidence does not support the allegation, where it shows that a constable had arrested the defendant and placed him in charge of a private citizen, until he could execute a bond, and that accused offered such private citizen, while so in his custody, $50 to let him run.

**2.  Same—Peace Officer—Constable—Guard—De Facto Officer.**

Under the facts above stated, the party to whom the bribe was offered was not a peace officer under provisions of Article 43, Code Crim. Proc.  He was not a sheriff, deputy sheriff, marshal, constable, or policeman of any incorporated town or city. He was not a private person appointed to execute criminal process under provisions of Article 266, Code Crim. Proc., and the criminal process had been previously executed by the constable.  He was not a guard, because not appointed in conformity with law.  Rev. Stat., Art. 4898.  He was not a de facto constable, because such deputy could not be appointed in a city or town containing a less population than 8000.  He was simply a private citizen placed in charge of a prisoner, without any known authority of law, and defendant violated no law in offering to bribe him to let him escape.

APPEAL from the District Court of Tarrant.  Tried below before Hon. W. D. HARRIS.

Appeal from a conviction for offering to bribe an officer; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Carlock & Bolin*, for appellant.—The evidence shows, that Glazener, the person defendant is charged with attempting to bribe, was neither a sheriff nor peace officer within the meaning of Art. 133, Penal Code, upon which the indictment is founded.

1.  The law, as contained in Art. 133, Penal Code, does not apply to the prisoner himself, it being as follows: "If any person shall bribe, or offer to bribe, any sheriff or other peace officer, to permit any prisoner in his custody to escape, he shall be punished, etc."

2.  The indictment charges no offense against appellant, for the reason that there is no such peace officer known to the law as Glazener is alleged to have been, and there was not sufficient evidence to support the verdict and judgment, for the reason that it failed to show that said Glazener was an officer known to the law.

3.  The evidence does not support the verdict and judgment for the reason, that it shows that the appellant was the prisoner in custody, and

that if he offered a bribe it was to secure his own liberty and not that of another. Penal Code, Arts. 133, 227; Code Crim. Proc., Arts. 44, 46, 47, 53, 54, 280, 229, 116, 117, 909, 226, 231; Rev. Stat., Arts. 4351, Acts 1885, p. 17; Rev. Stat., 'Art. 4520 (21st Leg., 23); Rev. Stat., Art. 4522; Sanner v. State, 2 Tex. Crim. App., 458; Alford v. State, 8 Tex. Crim. App., 545; Moore v. State, 26 S. W. Rep., 404; Weatherford v. State, 31 Tex. Crim. App., 530; Smith v. State, 13 Tex. Crim. App., 507; Ex parte Snyder, 64 Mo., 58; In re Hinkle, 31 Kan., 712; State v. McOmber, 6 Vt., 216; Bishop's Stat. Crim., Secs. 216, et seq.; Southerland, Stat. Const., Secs. 349, et seq.; U. S. v. Sanders, 22 Wall. (U. S.), 492; 23 Amer. and Eng. Ency. of Law, p. 321 and notes; Featherston v. State, 35 Tex. Crim. Rep., 612.

*Mann Trice*, Assistant Attorney-General, for the State.—While it is true that the private person, under the conditions of this case, could not be compelled to accept the custody and guard of the prisoner, he was competent to do so if willing, and, accepting the custody and guard, he was clothed with all the powers, and charged with all the responsibilities of a peace officer. Doughty's case, 33 Texas, 1. Had he accepted the bribe he would have been guilty of the offense defined by Article 141 (old Article 136), of the Penal Code, and punishable thereunder. Florez v. State, 11 Tex. Crim. App., 102; Moseley's case, 25 Tex. Crim. App., 515.

A posse comitatus for the time being is a peace officer. Under the circumstances of this case, the private person could not have been compelled to act as a posse comitatus, but having consented, he was a posse comitatus, and hence a peace officer, charged with the powers and responsibilities of such peace officer. Doughty's case, supra.

For the time being and for the purpose of guarding the defendant, the private person was a deputy constable and guard de facto. As such he was a peace officer, within the purview of the statute, and the subject of the offense therein defined, and the defendant cannot be heard to question the regularity or legality of his appointment. Florez's case, supra.

Had the private person accepted the bribe, in this case, he could not have pleaded against prosecution under Article 141, that he was not legally a peace officer. Moseley's case, supra.

HURT, PRESIDING JUDGE.—Appellant was convicted for offering to bribe Joe Glazener to permit him (appellant), being a prisoner, to escape, and his punishment assessed at two years in the penitentiary; hence this appeal. The indictment alleges that "Glazener was a deputy constable of precinct number two of Tarrant county, Texas; a peace officer, and guard of the defendant." The statute under which this conviction was obtained reads (Art. 138, Penal Code, 1895): "If any person shall bribe or offer to bribe any sheriff, or other peace officer, to permit any prisoner in his custody to escape, he shall be punished by impris-

onment in the penitentiary for a term of not less than two nor more than five years." If Glazener was a peace officer, having the custody of the prisoner, he was subject to bribery. The indictment alleged that he was a peace officer. Now, to determine whether he was a peace officer or not, we must first ascertain who are peace officers. Art. 43, Code Crim. Proc., 1895, defines peace officers. It reads as follows: "The following are peace officers: The sheriff and his deputies; constables; marshal, constable and policemen of any incorporated town or city, and any private person especially appointed to execute criminal process." It is not contended that Glazener was a sheriff, deputy sheriff, constable; marshal, constable, or policeman of any incorporated town or city. It appears from the record—and there is no conflict about the testimony, so far as this point is concerned—that the constable of Precinct No. 2 of Tarrant County had arrested appellant upon a charge of felony. Appellant desired to see his friends in order to make a bond. The constable placed him in charge of Glazener, a citizen. Glazener accompanied the prisoner to several places in the town of Arlington, in said precinct. While at the rear of a saloon, appellant proposed to give Glazener $50 to let him run. This offer was rejected by Glazener. Glazener being neither a sheriff, deputy sheriff, constable, marshal, constable, or policeman of an incorporated town, was he a private person specially appointed to execute criminal process? If so, he was the subject of bribery, because he was a peace officer. He was not executing any criminal process, the process having been executed by the constable. He was not appointed to execute any criminal process, as is provided for by Art. 266, Code Crim. Proc., 1895. He was not a guard, within contemplation of the Code, because the statute directs how guards shall be appointed. See, Art. 4898, Rev. Stat., 1895. He was simply a private citizen placed in charge of a prisoner without any authority of law known to us. He was not a peace officer, because he does not come within the statutory definition of such an officer. He was not, therefore, subject to bribery, under Art. 140 of the Penal Code. The indictment alleges that Glazener was a deputy constable. The constable testified that Glazener was neither sheriff, deputy sheriff, constable or deputy constable, nor policeman of any incorporated town, at the time he turned defendant over to him. The town of Arlington, situated in said Precinct No. 2, contains a population of not more than 1200 people. But concede that it contained over eight thousand inhabitants; Glazener was not appointed deputy constable. This is established beyond all question by the evidence of the constable. As before stated, the indictment charges that Glazener was a deputy constable, and interweaves in this connection that he was a peace officer and guard. We are at a loss to know whether he was a peace officer by virtue of being a deputy constable, or independent of his deputation as such. But this is altogether immaterial, because he is neither a constable nor deputy constable, nor was he a person deputized to serve criminal process, as before stated. We are of opinion that the convic-

tion is wrong; that appellant violated no law of this State in offering to bribe a citizen to let him escape. The statute having defined peace officers—making it an offense to bribe such officer—to convict, the party must be brought within the provisions of the statute. We are not now discussing the question of de facto officers, Glazener being neither an officer de juro or de facto. He could not be a de facto deputy constable, because the law does not permit the appointment of such deputy in a city containing a less population than 8000. See, Art. 4908, Rev. Stat., 1895. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*