## UNITED STATES v. VIESS.

### (District Court, W. D. Washington, N. D. June 1, 1921.)

### No. 5825.

1. **Intoxicating liquors** &#8258;249—**Police judge, as "magistrate," may issue search warrant for liquor unlawfully possessed.**

   Under Rem. & Bal. Code Wash. §§ 744, 7520, 7521, enacted pursuant to the authority given by Const. art. 4, § 12, to create inferior courts and define their jurisdiction, which created municipal courts presided over by a justice of the peace, who was designated as police judge, and prescribed the jurisdiction of such courts, the police judge is a "magistrate" who can issue a search warrant to seize intoxicating liquors, under section 6278, which must be construed with Rem. Code 1915, § 6262—11, authorizing search warrants by the justices of the peace.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Magistrate.]

2. **Intoxicating liquors** &#8258;249—**Sheriff, marshal, and constable are "peace officers."**

   A sheriff or his deputy, a constable, marshal, or policeman of a city, or conservator of the peace, are "peace officers," to whom a search warrant to search premises for intoxicating liquors may be issued, under Rem. Code, Wash. 1915, § 6262—11.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Peace Officer.]

3. **Intoxicating liquors** &#8258;10(2)—**City may regulate possession not inconsistent with national or state laws.**

   A city has power to regulate the possession of intoxicating liquors in a manner not in conflict with the National Prohibition Act or the laws

&#8258;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the state, and may authorize the search of a private dwelling for liquors unlawfully possessed, where not prohibited by the state laws, though National Prohibition Act, § 25, provides that no search warrant shall issue thereunder to search any private dwelling.

4. **Criminal law** ☞394—**Liquors seized under valid police judge warrant may be used as evidence in federal courts.**

Intoxicating liquors legally seized in defendant's dwelling under a search warrant issued by a police judge may be used in evidence in a prosecution in a federal court for violation of the National Prohibition Act, though a search of the dwelling would not have been permitted under section 25 of that act, since the purpose of section 25 was not to establish a special rule of evidence, but to define probable cause for a search.

David Viess was prosecuted for violating the National Prohibition Act. On motion by defendant for a return of whisky seized by search of his premises under a search warrant issued by a police judge. Denied.

Robert C. Saunders, U. S. Atty., and George E. Mathieu, Asst. U. S. Atty., both of Seattle, Wash., for plaintiff.

John F. Dore, of Seattle, Wash., for defendant.

NETERER, District Judge. On January 20, 1921, John B. Gordon, "justice of the peace in and for Seattle precinct, King county, Washington, sitting as police judge of Seattle," issued a search warrant upon sworn complaint of J. J. Haag, police officer, in which warrant it appears that intoxicating liquor is being manufactured, sold, bartered, exchanged, given away, furnished, and otherwise disposed of and kept, in violation of a city ordinance, "about and upon certain premises therein and hereinafter designated and described." The premises searched was the residence of the defendant, and certain whisky was seized. The defendant has moved a return upon the ground that the police magistrate may not issue a search warrant.

[1] The basis of power of the police justice must rest upon constitutional authority, or legislative enactment predicated on such authority. Article 4, § 1, State Constitution, vests judicial power in certain courts, municipal not included, but grants power to the Legislature to provide other courts. Section 12, art. 4, supra:

"The Legislature shall prescribe by law the jurisdiction and power of any inferior courts which may be established in pursuance of this Constitution."

And the power is limited to that granted. State ex rel. Milroy, 71 Wash. 592, 129 Pac. 384; In re Barbee, 19 Wash. 306, 53 Pac. 155. Section 6262—11, Rem. Code of Wash., provides that if:

If "upon the sworn complaint * * * it shall be made to appear to any * * * justice of the peace that there is probable cause to believe that intoxicating liquor is being manufactured * * * or kept in violation of the provisions of this act, such justice of the peace * * * shall * * * issue a warrant directed to any *peace officer* in the county, commanding him to search the premises designated. * * *" (Italics mine.)

Section 6278, Rem. & Bal. Code of Wash., supra:

"Upon complaint being made of the violation of this section ['liquors are kept'] a *magistrate* shall issue a search warrant * * * commanding the

sheriff or constable to * * * search the premises and seize and hold all intoxicating liquors. * * *" (Italics mine.)

The Legislature, pursuant to section 12, art. 4, supra, created municipal courts in cities of the first class, granting jurisdiction:

"(1) Of any and all criminal offenses under any ordinances of their respective cities.

"(2) Of all criminal offenses under the laws of the state of Washington, charged to have been committed within their respective cities, less than a felony.

"(3) The judges of said courts shall have all the *powers of a committing magistrate* as to all offenses committed within their respective cities. Wherever the jurisdiction hereby conferred may be exercised by other courts, under the Constitution and laws of this state, the jurisdiction hereby conferred shall be deemed to be concurrent with such other courts." (Italics mine.)

A magistrate is defined by Bouvier as:

"A public civil officer, invested with some part of the * * * judicial power given by the Constitution. In a narrow sense this term includes only inferior judicial officers, as justices of the peace."

Section 7520, Rem. Code, supra:

"The mayor * * * shall appoint one of the justices of the peace * * * police judge of such city."

Section 7521, R. & B.:

"The police judge so appointed, in addition to his powers as justice of the peace, shall have exclusive jurisdiction over all offenses defined by any ordinance. * * *"

[2] A sheriff or his deputy, a constable, marshal, or policeman of a city are peace officers. 30 Cyc. 1327; Messer v. State, 37 Tex. Cr. R. 635, 40 S. W. 488; Hopewell v. State, 22 Ind. App. 489, 54 N. E. 127. A conservator of the peace is a peace officer. Jones v. State (Tex. Cr. App.) 65 S. W. 92. A municipal judge is authorized, not only to enforce municipal ordinances, but is given concurrent power of all offenses less than a felony committed within their respective cities. Section 744, R. & B. Code, supra. Sections 6262—11 and 6278, supra, must be construed together, and as so construed a "justice of the peace" and a "magistrate" have power to issue search warrants, and warrants so issued may command the "sheriff" or "constable" or "any peace officer" in the county to search the premises designated.

[3] The city has power to regulate possession of intoxicating liquors not in conflict with the National Prohibition Act (41 Stat. 305) or laws of the state. The state prohibits traffic in all alcoholic liquors, as does the city ordinance; the provision of the state law being incorporated in the city ordinance. The acts recited in the search warrant are a violation of both state law and city ordinance, and may support a search and seizure, while under the National Prohibition Act (section 25) no search warrant shall issue to search any private dwelling occupied as such unless used for unlawful sale, etc. No such inhibition rests in the state law or city ordinance, and the laws of the state where not inconsistent with the National Prohibition Act are in force. U. S. v. Peterson et al. (D. C. Wash.) 268 Fed. 865.

[4] A police judge, having the power of a magistrate or a justice of the peace, has power to issue a search warrant based upon a sufficient state of facts. A reason being shown, and a search and seizure being made by a peace officer, to whom the warrant was issued, the search was legal and the seizure lawful.

The purpose of section 25, supra, was not to establish a special rule of evidence for prosecutions under the National Prohibition Act, but rather to define probable cause under the act for search. A search having been made under a local statute which was legal and the seizure therefore lawful, section 25, supra, does not change the lawful possession to unlawful when offered as evidence by the United States in a prosecution for a violation of the National Prohibition Act.[1]

The motion is denied.

---

[1] NOTE.—On the day this decision was filed, the Supreme Court filed a decision in Burdeau v. McDowell, 255 U. S. ——, 41 Sup. Ct. 574, 65 L. Ed. ——, in which it held that papers stolen from another, and thereafter sent to agents of the Department of Justice, they having no part in wrongfully obtaining them, might be produced in evidence against the person from whom stolen, and not be violative of any constitutional provision, and a petition to direct a return was denied.