## McCONNELL v. WALSH, County Auditor.
### (No. 2307.)

(Court of Civil Appeals of Texas. Amarillo.
April 9, 1924. Rehearing Denied
May 14, 1924.)

Counties &#9755;63—Statute held to authorize appointment in any county of additional salaried probation officers.

Under Code Cr. Proc. art. 1202 (as found in Complete Statutes 1920, Vernon's Ann. Code Cr. Proc. Supp. 1922, being Acts 36th Leg. [1919] 2d Called Sess. c. 51) county commissioners' court of Wichita county, held authorized, independently of population of county, to appoint salaried probation officer at $1,500 per year. and an allowance of an annual expenditure of $200, in addition to another previously appointed and serving salaried officer.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Mandamus by C. B. McConnell against E. P. Walsh, as County Auditor of Wichita County. From a judgment sustaining demurrer to petition, petitioner appeals. Reversed and rendered.

Weldon & McDonald, of Wichita Falls, for appellant.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

HALL, C. J. The appellant, McConnell, was appointed as a salaried probation officer by the county commissioners' court of Wichita county, at a time when there was one other salaried probation officer, duly appointed and acting in said county. The appellee, Walsh, contending that the appointment of appellant was not authorized by statute, refused to perform the ministerial duty of auditing and signing a voucher for the appellant's compensation. Wichita county has a population of less than 75,000 and more than 35,000, and contains a city with a population of more than 29,000, as shown by the last federal census. The appellant brought this proceeding to require the appellee, Walsh, to sign his voucher for the compensation allowed him by the court. The trial judge sustained a general demurrer to the petition.

The case is before us upon the following agreed facts: February 26, 1923, the commissioners' court of Wichita county appointed C. B. McConnell, plaintiff, as an additional probation officer, claiming to act under the terms of article 1202 of the Code of Criminal Procedure of Texas, as shown by the Complete Statutes of Texas of 1920, Vernon's Ann. Code Cr. Proc. 1922, Supp., being the act of 1919, at the second called session of the Thirty-Sixth Legislature, c. 51. It is further agreed that the county had already appointed W. G. Braley, a probation officer under said act; that the plaintiff was appointed as an additional probation officer and his salary fixed by the commissioners' court at $1,500 per annum, together with $200 expenses. It is agreed that said petition disclosed the appointment of such officer as an additional probation officer, and that, if the commissioners' court had the power to appoint an additional officer in Wichita county, then the petition discloses all facts necessary to such appointment. The petition further alleges that acting under said appointment McConnell had served as an additional probation officer for said county and was entitled to a salary payable out of the county funds, in the sum of $125 per month and the further sum of $25 per month as expenses, which said sums were due and payable April 1, 1923; that the said Walsh, auditor of said county, had refused to audit such claim or to sign a voucher or warrant for said amounts. The prayer is for a mandamus, requiring Walsh to audit the claim and issue warrants accordingly.

It is agreed that the only question for determination in this case is whether or not, under the facts hereinbefore stated, the county commissioners' court of Wichita county had the right to employ more than one probation officer under the terms of the act hereinbefore referred to, and to pay said officer the compensation fixed by the court. The article of the statute in question is very indefinite, and its provisions are extremely confusing. The original act of 1907 (chapter 65) was amended in 1913 (chapter 112), and again amended during the regular session of the Thirty-Sixth Legislature, 1919 (chapter 91), and further amended at the second called session of the Thirty-Sixth Legislature (chapter 51). A careful comparison of these various amendments, however, throws little or no light upon the particular question now under consideration as the amendments relate more specifically to the question of compensation. The following excerpts from said article 1202, Vernon's Ann. Code Cr. Proc. 1922, Supplement, p. 2669, relate to the point under consideration:

"The county courts of the several counties of this state shall have authority to appoint any number of discreet persons of good moral character to serve as probation officers during the pleasure of said court, said probation officers to receive no compensation from the county treasury except as herein provided. * * * The number of probation, officers to receive compensation from the county, named and designated by the county court shall be as follows:

"In counties having a population of less than seventy-five thousand, one probation officer may be appointed by the commissioners' court when in their opinion such officer is needed, who shall receive a compensation of not to exceed twelve hundred dollars per annum, provided that in counties having a population of not less than thirty-five thousand and not more than seventy-five thousand and containing a city of more than twenty-nine thousand population, one probation officer may be appointed by the commissioners' court when in their opinion the services of such officer is needed, who shall receive a compensation of not to exceed twenty-four hundred dollars per annum. Expenses may be allowed such probation officers by the county in a sum not to exceed two hundred dollars per annum. The county judge shall select such probation officers from a list of three furnished by a nominating committee composed of three members as follows:" etc.

" * * * In counties having a population of more than seventy-five thousand, the county judge shall appoint not fewer than two probation officers from lists furnished him by the nominating committee as provided above. The chief probation officer shall receive a salary of not to exceed twenty-four hundred dollars per annum, and necessary expenses not to exceed two hundred dollars per annum. Other probation officers shall receive salaries not to exceed fifteen hundred dollars per year, and all necessary expenses not to exceed two hundred dollars per year. * * * Salaries or compensation of paid probation officers permitted by this act shall be fixed by the county commissioners not to exceed the sums herein mentioned, and in any bills for expenses not exceeding the sums herein provided for, shall be certified by the county judge as being necessary in and about the performance of the duties of the probation officer or officers. * * * Nothing herein contained however shall be held to limit or abridge the power of the county judge to appoint any number of persons as probation officers. And upon a vote of the county commissioners' court the county judge may appoint as many additional salaried probation officers as the court may direct."

The first and last paragraphs of the act seem to vest the county judge and the commissioners' courts of the several counties with unlimited discretion in the appointment of additional salaried probation officers, and, while there is an apparent conflict between these provisions and the provisions with reference to the appointment of an officer in counties having the population of Wichita county, the conflict may be reconciled when the latter provision is construed to fix the compensation of one of such probation offi-

cers not to exceed $2,400 per annum, and expenses not to exceed $200. As against the provisions in the first and last paragraphs of the act, there is no specific limitation of the number of officers to be appointed to one in a county of any size. It is true that the act contemplates the appointment of an unlimited number of probation officers who shall not receive any compensation, but the last clause clearly states that upon a vote of the county commissioners the county judge may appoint as many additional salaried probation officers as the court may direct. As we construe the act it provides for a chief officer, to be paid not exceeding $2,400 per annum, and such additional officers as may be appointed shall be paid not exceeding $1,500 per annum, and expenses not to exceed $200.

The judgment is reversed, and, based upon the agreement contained in the record, is here rendered for the appellant.

BOYCE, J., not sitting.