WALSH, County Auditor, v. McCONNELL.
(No. 680–4233.).

(Commission of Appeals of Texas, Section A.
June 27, 1925.)

1. **Counties 63—Statute held not to authorize appointment of a second salaried probation officer in a county.**

Under Code Cr. Proc. 1911, art.. 1202, in a county having a population of not less than 35,000 and not more than 75,000, and containing a city of more than 29,000 population, *held* that, the commissioners' court has no power to appoint a second salaried probation officer.

2. **Counties 63—Statute as to appointment of salaried probation officers held void.**

Provisions of Code Cr. Proc. 1911, art. 1202, relating to number and manner of appointment of salaried probation officers, *held* inoperative and void in view of conflicting provisions.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Mandamus by C. N. McConnell against E. P. Walsh, as County Auditor of Wichita County. Judgment sustaining demurrer to petition was reversed and rendered by the Court of Civil Appeals (261 S. W. 567) and defendant brings error. Reversed, and judgment of trial court affirmed.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiff in error.

Weldon & McDonald, of Wichita Falls, for defendant in error.

CHAPMAN, J. The question in this case is: In a county having a population of not less than 35,000 and not more than 75,000, and containing a city of more than 29,000 population, under the provision of article 1202, Code of Criminal Procedure, can more than one paid probation officer be appointed by the commissioners' court?

At the beginning of the first paragraph of the article mentioned, it is provided that the county court shall appoint probation officers; and at the close of that paragraph it is provided that the number of probation officers to receive compensation from the county, named and designated by the county court, shall be as stated in paragraph 2. In paragraph 2 it is provided that in counties like the one described, one probation officer may be appointed by the commissioners' court when in their opinion the services of such officer is needed, who shall receive a compensation not to exceed $2,400 per annum. At the close of paragraph 2 it is provided that the county judge shall select such probation officers from a list furnished by a nom-inating committee. It is thus seen that, in the first two paragraphs of the article 3, different tribunals or officers are given authority to appoint the probation officers, namely, the county court, the commissioners' court, and the county judge.

By reference to the last sentence in paragraph 1, and to paragraph 2, it is specifically provided that in counties with the population mentioned, that only one paid probation officer may be appointed, and that the appointment is to be made by the commissioners' court when in their opinion the services of such officer is needed; and in the seventh paragraph it is provided that the county judge, upon a vote of the county commissioners' court, may appoint as many additional salaried probation officers as the court may direct. It is clear that the two last mentioned provisions are in direct conflict with each other, both as to the number of paid officers that may be appointed, and as to who should make the appointments. In the first of said last two mentioned provisions, the plain statement is that one paid officer shall be appointed, and that the appointment is to be made by the commissioners' court, while in the second it is just as plainly stated that any number of paid officers may be appointed, and that the appointment is to be made by the county judge after the commissioners' court has determined the number to be appointed.

[1, 2] Where the Legislature attempts to create salaried appointive offices, the number to be appointed and the appointing tribunal or officer should be more definitely stated and designated than is done in the law under consideration. The main object of the law is to provide for the appointment of a certain number of salaried probation officers, and for the manner of their appointment. The manner of making the appointments is not directly raised in this case, but the manner of making the appointments is so closely interwoven with the number to be appointed that the one question must necessarily be considered along with the other. We have carefully studied the article in an attempt to reconcile the conflicting provisions, and to determine how many salaried officers may be appointed in a county with the population stated, and determine who should make the appointments, but have been forced to the conclusion that the provisions as to both are so directly in conflict as to render the statute as to those matters wholly inoperative and void. It would therefore follow that the commissioners' court did not have the power to appoint the second, or any other salaried probation officer. The trial court held that the law did not provide for the appointment of the second salaried officer, and the Court of Civil Appeals held that it did. 261 S. W. 567. We recommend that the judgment of

the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.