## H. G. HAMRICK V. HATTIE DELL SIMPLER.

No. 7024.   Decided June 3, 1936.
(95 S. W., 2d Series, 357.)

*Clayton & Bralley,* of Amarillo, for appellant.

It was error for the court to hold that the statute was directory rather than mandatory, and that the commissioners court had the authority to appoint appellee without her first being nominated by the committee and appointed by the county judge. 59 C. J., p. 1076, sec. 633; Wichita Electric Co. v. Hinckley, 131 S. W., 1192; McLaughlin v. Smith, 105 Texas, 330, 148 S. W., 288; Jennings v. Carson, 184 S. W., 562.

Appellee was not an officer within the meaning of Article 16, Section 17, of the Constitution, and was subject to removal at the will of the commissioners' court. Walker v. Hopping, 226 S. W., 146; Robertson v. Ellis County, 84 S. W., 1097.

Appellee was at most an officer "de facto" and therefore not entitled to compensation for her services notwithstanding that she had performed the duties of the office. Pickle v. Finley, 91 Texas, 484, 44 S. W., 481; J. I. Case Co. v. Camp County, 218 S. W., 1; Rogers Bank v. Marion County, 181 S. W., 884; Martin v. Grandview Ind. Sch. Dist., 266 S. W., 607; City of San Antonio v. Coultress, 169 S. W., 917.

*Reeder & Reeder,* of Amarillo, for appellee.

The provisions of the act in controversy providing for appointment by the county judge is directory and not mandatory, and the commissioners' court has the power under such article to appoint the probation officer. Walsh v. McConnell, 273 S. W., 833; Gomez v. Timon, 128 S. W., 656; Gibson v. Davis, 236 S. W., 202.

MR. JUSTICE CRITZ delivered the opinion of the court.

This case is before us on certified questions from the Amarillo Court of Civil Appeals.

On January 7, 1933, the Commissioners' Court of Potter County entered an order purporting to appoint Miss Hattie Dell Simpler probation officer of such county, at a salary of $100.00 per month. Miss Simpler entered upon and continued to perform the duties of such purported office up to and including the trial of this case in the district court on August 28, 1935. At that time she intended to continue the performance of such duties.

On January 2, 1935, the commissioners' court made an order that all appointive officers and employees of the county be retained in their respective positions. This order was not recorded in the minutes, but for the purposes of this opinion we will treat it as valid.

The above two orders were each made by the commis-

sioners' court. Miss Simpler has never been selected as the probation officer of Potter County by the county judge from a list of three furnished him by a nominating committee composed of the superintendent of such county and the superintendents of the two largest school districts therein.

H. G. Hamrick at all times here involved was the duly appointed, constituted, and acting county auditor of Potter County. It appears that Hamrick in his official capacity duly countersigned and approved vouchers or warrants in payment of Miss Simpler's salary from the time of her appointment up to about May 15, 1935. Since that time Hamrick has refused to countersign and approve such vouchers or warrants, because he has been advised by the County Attorney of Potter County that Miss Simpler was never legally appointed, and because the Attorney General has ruled that Article 5142, as amended, is inoperative and void as applied to Potter and like counties.

On July 1, 1935, the commissioners' court ordered Miss Simpler's salary paid up to June 30, 1935. Hamrick, however, continues to refuse to countersign vouchers or warrants for such purpose, contending that it would be illegal for him to do so.

After the happening of the above events this suit was filed by Miss Simpler in the District Court of Potter County, Texas, against Hamrick, in his official capacity, in the form of a mandamus action to compel the countersigning and approval of vouchers or warrants which have been issued by the County in payment of her salary as fixed by the commissioners' court. The district court awarded the mandamus as prayed for by Miss Simpler. Hamrick appealed, and the Court of Civil Appeals has certifiied to this Court the following questions:

"1. Is Article 5142 void when applied to Potter County and other counties in a like situation?

"2. If not void, are the provisions of Article 5142, directing the manner of appointing a Probation Officer, mandatory?

"3. If the Article is valid and mandatory, is Relator a de facto officer?

"4. If a de facto officer, is she as such entitled to the salary for which she sought the writ requiring the Respondent to countersign vouchers or warrants?"

Before proceeding further we deem it expedient to quote certain portions of Article 5142, R. C. S. of Texas, 1925, as amended (Acts 1927, 40th Legislature, p. 335, Chap. 228), as follows:

"There may be appointed in the manner hereinafter pro-

vided, discreet persons of good moral character to serve as juvenile officer, for periods not to exceed two years from date of appointment.

\* \* \* \* \* \* \*

"\* \* \* In counties having a population of less than seventy-five thousand, one juvenile officer may be appointed by the commissioners' court, when in their opinion, such officer is needed, who shall receive a compensation not to exceed $125.00 per month. Provided that in counties having a population of not less than thirty-five thousand, and not more than one hundred thousand and containing a city of more than twenty-nine thousand population, one juvenile officer may be appointed by the commissioners' court, when in their opinion the services of such officers is needed whose salary shall not exceed $200.00 per month and expenses not to exceed $200.00 per year. The county judge shall select such juvenile officers from a list of three furnished by a nominating committee composed of three members as follows: The county superintendent of public instruction, and the superintendents of the two largest school districts in such county."

It is admitted that Potter County, during the time here involved, had a population of not less than 35,000 nor more than 100,000, and that it contained a city with a population of more than 29,000. If Potter County has any right to a probation officer, it must, therefore, obtain that right under the portion of the 1927 Act above quoted; there being no other law authorizing same. If the part of the Act quoted is void, then no such right exists, and the attempted appointment of Miss Simpler was absolutely and utterly void.

█ When we come to examine the 1927 Act, supra, we find that it authorizes the appointment, in the manner therein provided, of discreet persons of good moral character to serve as juvenile officers. It then provides that in counties containing a population of less than 75,000, one juvenile officer may be appointed by the *commissioners' court,* who shall receive a salary of not to exceed $125.00 per month. The Act then provides that in counties having a population of not less than 35,000 and not more than 100,000, and containing a city of more than 29,000 population, one juvenile officer may be appointed by the *commissioners' court,* who shall receive a salary not to exceed $200.00 per month and expenses not to exceed $200.00 per year. The Act then provides that the *county judge* shall select such juvenile officers from a list of three to be

furnished by the county superintendent and the superintendents of the two largest school districts in the county. It is thus seen that in different portions of the Act different authorities are given the power to appoint or select juvenile officers in counties of the class of Potter County; but it is utterly impossible for any court to determine from the Act what authority is to appoint or select juvenile officers for Potter County. The portion of the 1927 Act, supra, under which Potter County comes, is therefore absolutely and utterly void. Walsh v. McConnell (Comm. App.), 273 S. W., 833.

In the case just cited, Section A of the Commission, speaking through Judge Chapman, reviewed the Act of 1919, 36th Legislature, Second Called Session, Chap. 51, sec. 1, designated in the opinion Article 1202, Code of Criminal Procedure, and condemned it as inoperative and void, on account of conflicting provisions. Some of the conflicts for which the 1919 Act was condemned are exactly the same as those pointed out by us in the 1927 Act. In fact, the 1919 Act, with one other, contained the same conflicting provisions with reference to what authority shall appoint probation officers as are contained in the 1927 Act. Judge Chapman pointed out these conflicts with reference to who should appoint probation officers, and expressly condemned the 1919 Act as void on account of such conflicts. We quote the following from Judge Chapman's opinion:

"At the beginning of the first paragraph of the article mentioned, it is provided that the county court shall appoint probation officers; and at the close of that paragraph it is provided that the number of probation officers to receive compensation from the county, named and designated by the county court, shall be as stated in paragraph 2. In paragraph 2 it is provided that in counties like the one described, one probation officer may be appointed by the commissioners' court when in their opinion the services of such officer is needed, who shall receive a compensation not to exceed $2,400 per annum. At the close of paragraph 2 it is provided that the county judge shall select such probation officers from a list furnished by a nominating committee. It is thus seen that, in the first two paragraphs of article 3, different tribunals or officers are given authority to appoint the probation officers, namely, the county court, the commissioners' court, and the county judge.

*　*　*　*　*　*　*

"* * * We have carefully studied the article in an attempt to reconcile the conflicting provisions, and to determine how

many salaried officers may be appointed in a county with the population stated, and determine who should make the appointments, but have been forced to the conclusion that the provisions as to both are so directly in conflict as to render the statute as to those matters wholly inoperative and void."

A reading of the above-quoted portions of Judge Chapman's opinion clearly discloses that he condemned what was then Article 1202, Code of Criminal Procedure (Acts 1919, 36th Legislature, Second Called Session, Chap. 51, sec. 1), because it, in effect, designated three different authorities to appoint or select probation officers. In this respect Article 1202, supra, provided for the appointment of probation officers by the *"County Court"* and the *"Commissioners' Court,"* and for their selection by the *"County Judge,"* from a list of three, etc. As already shown, and as shown by the opinion under discussion, Article 1202, supra, was expressly held fatally defective because it named three authorities to make the appointment or selection of probation officers. The 1927 Act, under consideration here, is just as defective in law as was Article 1202, supra, because it names two different authorities to make the appointment or selection. The defect is legally exactly the same in both laws.

Counsel for Miss Simpler earnestly contend that the purpose of the 1927 Act, supra, was to cure or eliminate the conflicts in Article 1202 pointed out in Judge Chapman's opinion. If we correctly interpret their brief, such counsel then contend that the portion of the 1927 Act which provides, that, "The county judge shall select such juvenile officers from a list of three furnished by a nominating committee * * *," is directory, and not mandatory. We are unable to follow this argument. Regardless of whether or not the Legislature intended to cure the conflicts pointed out in Judge Chapman's opinion, it is plainly evident that it did not completely do so. Furthermore, we are unable to see any reason why we should hold that the part of the statute requiring the selection of probation officers by the county judge from a list of three, above mentioned, is directory only. It is just as plain and explicit as the part which requires the appointment of such officers by the commissioners' court. Suppose we should be confronted with a case where the commissioners' court of a county of the class of Potter County had of its own volition appointed a probation officer, and the county judge, from the list provided by the statute, had selected another person for the same office, and we were called on to determine which appointee was en-

titled to the office,—could we award it to either under this statute? We think but to ask this question is to demonstrate its answer. We could not from the statute possibly award the office at all. In other words, the statute is so utterly conflicting in the respects pointed out that it is utterly void.

■ We realize that it is our duty to give this statute a construction or interpretation that will render it valid, if it is reasonably possible to do so. It is evident, however, that in order to hold it valid we must give it a construction that will eliminate the conflicts with reference to the appointive or selective authority. The only way this can be done is to say that the commissioners' court has the power to appoint, but must appoint the person selected by the county judge from the list of three nominated by the committee of three provided by the statute. Manifestly such a construction would be a paradox. If the commissioners' court must appoint the person selected by the county judge, it is not given the right to appoint. This because the selection by the county judge would finally end the matter. If the commissioners' court can appoint a person not selected by the county judge, then the county judge is not given the right to select. If the county judge can select a person not nominated by the committee of three, then the committee of three is not given the right to nominate.

It might be argued that we could hold that, in the event the commissioners' court should refuse to appoint the person selected by the county judge from the list of three nominated by the committee of three, it would be the duty of the county judge to select another person from such list of three, and present his name to the commissioners' court. Obviously this would contradict the statute, because it would deny the county judge the power to make his selection from the list of three. Furthermore, we could just as easily hold that in such event it would be the duty of the committee of three to again function and nominate a new list of three, from which the county judge would make a new selection,—and so on until a person so selected is appointed by the commissioners' court. Manifestly either of such constructions would be court legislation.

As already stated, it is argued that the part of the statute that provides for the selection of probation officers by the county judge from the list of three nominated by the committee of three, can be treated as directory only. We are unable to agree to this. The statute in the very beginning, by express and unambiguous language, provides: "There may be appointed in the manner hereinafter provided, discreet persons * * * to

serve as juvenile officers * * *." It is thus seen that the very power to appoint is expressly limited to the manner provided by the statute. Such language will not admit of a holding that the provision for selection by the county judge from the list of three nominated by the committee of three is directory only, and can be ignored. We think we have demonstrated that this statute, when considered from any angle, is so contradictory that no court can determine the legislative intent.

■ Since the above-quoted portion of the 1927 Act is void, no lawful authority existed, or now exists, for Miss Simpler's appointment as probation officer of Potter County. This is true regardless of who or what authority should attempt to make the appointment. If no lawful authority existed for her appointment, she could not be either a de jure or a de facto officer. If the statute is void, the office of probation officer of Potter County did not exist, and does not exist. Unless there is an office, there can be no officer, de jure or de facto. There is no such thing as a de facto office. State v. Gillette's Estate (Com. App.), 10 S. W. (2d) 984; Messer v. State, 37 Texas Crim. Rep., 635, 40 S. W., 488.

It is ordered that this opinion be certified as answering the questions certified.

Opinion delivered June 3, 1936.