

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 2, 1962

Mr. William Hunter
District Attorney
69th Judicial District
Dalhart, Texas

Opinion No. WW-1300

Re: Whether the counties of a
Judicial District can pay
the salary of a Juvenile
Probation Officer without
special statutory enact-
ments creating such office.

Dear Mr. Hunter:

By letter you request the opinion of this department,
as follows: Can the counties of a Judicial District pay the
salary of a Juvenile Probation Officer without special statutory
enactments creating such office?

The statutes relating to juvenile officers or juvenile
probation officers apply differently to judicial districts and
counties, depending upon the population of counties, cities
within counties, etc. This opinion assumes that your question
has specific reference to the 69th Judicial District and the in-
cluded counties.

The 69th Judicial District is composed of the counties
of Deaf Smith, Oldham, Moore, Hartley, Sherman, and Dallam. Ar-
ticle 199(69), V.C.S. According to the Texas Almanac (1961-1962
Edition), the 1960 U.S. Bureau of Census lists the population of
the counties of the 69th Judicial District as follows: Deaf
Smith, 13,187; Oldham, 1,928; Moore, 14,773; Hartley, 2,171; Sher-
man, 2,605; and Dallam, 6,302. The total population of the dis-
trict is 40,966.

Title 82, Vernon's Civil Statutes, Articles 5119-5143d,
relates to juveniles. The only statute concerning the subject of
juvenile officers and juvenile probation officers applicable to
the 69th Judicial District, and included counties, appears to be
that portion of Article 5142 reading as follows:[1]

---

[1] Although not germane to the subject of this opinion, the
salary provisions of this statute should be read in connection
with Article 5142d, Vernon's Civil Statutes.

". . . In counties having a population of
less than eighty thousand (80,000) one (1) juve-
nile officer may be appointed by the Commission-
ers Court, when in its opinion, such officer is
needed who shall receive compensation not to ex-
ceed Two Hundred Dollars ($200) per month, and
expenses not to exceed Two Hundred and Fifty Dol-
lars ($250) per year, . . .

". . . As a basis for reckoning the popula-
tion of any county the preceding Federal Census
shall be used."

Article 5142, V.C.S. was considered by the Supreme Court
of Texas in Hamrick v. Simpler, 127 Tex. 428, 95 S.W.2d 357 (1936).
In this case the statute was held conflicting and void; but later
amendments were enacted removing the conflicting portions.  Germane
to this opinion,  however, was that part of the Court's opinion re-
lating to the authority of the Commissioners' Court to appoint a
probation officer, in the absence of authorizing law.

In the words of the Court, at page 360:

"Since the above-quoted provision of the
1927 Act is void, no lawful authority existed, or
now exists for Miss Simpler's appointment as pro-
bation officer of Potter County.  This is true,
regardless of who or what authority should attempt
to make the appointment.  If no lawful authority
existed for her appointment, she could not be ei-
ther a de jure or a de facto officer.  If the
statute is void, the office of probation officer
of Potter County did not exist, and does not ex-
ist."

The principle of law is well established in this State
that a statute giving authority to do a particular thing, and pre-
scribing the mode of doing it, is mandatory in the sense that all
other modes are excluded.  Weaver v. Robinson, 114 Tex. 272, 268
S.W. 133, 141 (1924); Ellis v. Holcombe, 69 S.W.2d 449, 454 (Civ.
App. 1934).

The authorities cited above indicate that the office of
juvenile officer or juvenile probation officer does not exist in
a county absent express legislative authorization.  No statute can
be located which authorizes counties of the 69th Judicial District
to appoint a juvenile probation officer.

For these reasons, the opinion of this office is that
the counties of the 69th Judicial District cannot legally pay the

salary of a juvenile probation officer without first obtaining legislation specifically authorizing the establishment of the office in said counties.

### SUMMARY

The counties of the 69th Judicial District cannot legally pay the salary of a juvenile probation officer because such office is not authorized by law.

Yours very truly,

WILL WILSON
Attorney General of Texas

By F. R. Booth
F. R. Booth
Assistant

FRB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Henry Braswell
Bill Pool
Bob Shannon
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL

BY: Houghton Brownlee, Jr.