

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1969

Honorable Preston Smith
Governor of Texas
Austin, Texas

Opinion No. M-422

Re: Validity of Senate
Bill 416, Acts of the
61st Legislature, Re-
gular Session, 1969

Dear Governor Smith:

Your request for an opinion on the validity of Senate Bill 416, Acts of the 61st Legislature, Regular Session, 1969, providing for the creation of a Board of Regents for Stephen F. Austin State College, poses the following questions:

"1. Is Section 1 of the act so inconsistent as to invalidate the act in its entirety?

"2. If not, is a six member or a nine member board created and how are the members to be appointed?"

Section 1 of Senate Bill 416, Acts of the 61st Legislature, Regular Session, 1969, reads as follows:

"Section 1. (a) The control and management of Stephen F. Austin State College is vested in a board of nine regents, appointed by the governor with the advice and consent of the Senate.

"(b) Except for the initial appointees, members of the board shall hold office for terms of six (6) years expiring on January 31

- 2110-

of odd-numbered years. In making the
initial appointments, the governor shall
designate two for terms expiring in 1971,
two for terms expiring in 1973, and two
for terms expiring in 1975. Any vacancy
shall be filled by appointment for the
unexpired portion of the term. Not more
than two (2) members of said Board of
Regents shall be appointed from or be a
resident of any one (1) State Senatorial
District, and no member of the said board
may be appointed from or be a resident of
the county in which the University is
located."

It is noted that subdivision (a) above quoted provides
for a nine-member board while subdivision (b) provides for a six-
member board. Neither the caption of Senate Bill 416 nor the
emergency clause nor any other section of the Act indicates
whether the Legislature intended to create a nine or six-member
board. It is therefore impossible for this office to reconcile
the conflict contained in Section 1.

Accordingly, we believe your questions are answered by
the principle of law announced in Southern Canal Company vs. State
Board of Water Engineers, 159 Tex. 227, 318 S.W. 2d 619 (1958),
wherein the Supreme Court of Texas stated:

"Courts are reluctant to strike down a
legislative act because of conflicting
or vague provisions. The general rule
is that inconsistencies will be resolved,
if possible, in order to give effect to
the dominant legislative intent manifested
by a statute. 39 Tex.Jur. 205-208, Stat-
utes, §§ 110,111. But when the provisions
of a statute are so inharmonious and con-
flicting as to render it impossible of

> execution, the courts have no alternative but to declare it inoperative and void. Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261; Hamrick v. Simpler, 127 Tex. 428, 95 S.W. 2d 357; Walsh v. McConnell, Tex.Com.App., 273 S.W. 833; Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812; 39 Tex. Jur. 43-44, Statutes, § 21; 50 Am.Jur. 484, Statutes, § 472; 82 C.J.S. Statutes § 68d, p.119." (Emphasis added.)

You are therefore advised that it is our opinion the provisions of Section 1 are so inharmonious and conflicting as to render it impossible of construction and the provisions of Senate Bill 416, Acts of the 61st Legislature, Regular Session, 1969, are inoperative and void.

### S U M M A R Y

The provisions of Senate Bill 416, Acts of the 61st Legislature, Regular Session, 1969, creating a Board of Regents for Stephen F. Austin State College provides for a nine-member board and a six-member board. Its provisions, therefore, are so inharmonious and conflicting as to render such provisions void. Southern Canal Company vs. State Board of Water Engineers, 159 Tex. 227, 318 S.W. 2d 624.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Robert C. Crouch
Houghton Brownlee
John Grace
Roger Tyler
Roland Allen

Hawthorne Phillips
Executive Assistant